IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC. | * |
| Plaintiff/ Third Party Defendant | * |
| v. | *   Civil Court Action No: 1:06CV01850 |
| | Judge: James Robertson |
| THE POOLE AND KENT CORPORATION | * |
| | * |
| Defendant/ Third Party Plaintiff | * |
| v. | * |
| UNITED STATES FIDELITY AND GUARANTY COMPANY<br>9001 Wesleyan Road, Suite 101<br>Indianapolis, IN 46268 | * |
| | * |
| And | * |
| FEDERAL INSURANCE COMPANY<br>233 S. Wacker Drive, #4700<br>Chicago, IL 60606 | * |
| Third Party Defendants | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## THIRD PARTY COMPLAINT

The Poole and Kent Corporation ("P&K"), by its undersigned counsel, hereby files its Third Party Complaint against United States Fidelity and Guaranty Company ("USF&G") and Federal Insurance Company ("Federal") and for grounds states as follows:

**PARTIES AND JURISDICTION**

1. Poole & Kent is a corporation organized and existing under the laws of the State of Maryland. At all times relevant to this Counterclaim, P&K has been registered to conduct business in the District of Columbia.

2. Upon information and belief, USF&G is a company organized and existing under the laws of the State of Maryland.

3. This Court has supplemental jurisdiction in this matter pursuant to Title 28, Section 1367 of the United States Code.

4. Upon information and belief, Federal is a company organized and existing under the laws of the State of Indiana.

5. This Court has jurisdiction over Federal in this matter pursuant to Title 28, Section 1332of the United States Code. The amount in controversy exceeds $75,000 (exclusive of costs, fees, or interest).

6. Venue is appropriate in the District of Columbia because the events giving rise to this claim occurred in Washington, D.C.

## FACTUAL BACKGROUND

7. P&K entered into a subcontract (the "Subcontract") with Hunt for construction services related to the heating, ventilating, air conditioning, and plumbing systems for a new Embassy Suites hotel, located at 1000 K Street NW, Washington, D.C. (the "Project").

8. The Project consisted of four levels underground for parking and other services and fifteen levels above ground. The hotel has in excess of 400 guest rooms, a swimming pool, ballroom, meeting rooms, commercial kitchen, restaurant, offices and

guest common areas. The mechanical equipment such as boilers, chillers, cooling towers, pumps and other equipment was located in the penthouse level at the top of the structure.

9. Constructing a Project of this size requires significant coordination, supervision and management of the various construction trade subcontractors such as the concrete contractor, electrical contractor, masonry contractor, drywall contractor, mechanical contractor and others. Further, constructing a project of this magnitude also requires significant coordination, management, and supervision of the flow of materials and supplies. It was Hunt's duty and obligation as the general contractor for the Project to provide the necessary coordination, supervision and management for the Project and to properly schedule and orchestrate the various trade contractors so that the building could be constructed in an orderly and efficient manner. Such coordination by the general contractor is normal and customary activity in the industry and was a contractual requirement of Hunt's contract with the Project owner.

10. However, from the very beginning, Hunt failed to properly coordinate, supervise and manage the Project and allowed certain trade contractors to perform work in a manner that hindered, interfered with and prevented P&K from performing its work in the manner contemplated by P&K at the time P&K bid on the Project and was awarded the Subcontract and in a manner that is normal and customary in the industry.

11. Hunt's refusal and inability to properly control and coordinate the Project caused significant and serious financial damages to P&K.

12. P&K repeatedly provided written and verbal notice to Hunt that Hunt's failure to properly coordinate, supervise and/or manage the Project was hindering, interfering with and preventing P&K from performing its work.

13. Hunt did not attempt to remedy the situation nor did it even respond to the majority of P&K's notices.

14. Hunt's disregard of P&K's repeated notices of the problems being experienced on the Project, which were caused by Hunt, constitutes active, intentional and willful interference and hindrance and constitutes a breach of Hunt's duty of good faith and fair dealing as well as a material breach and abandonment of Hunt's contractual duties and obligations to P&K under the terms and conditions of the Subcontract.

15. As a direct and proximate cause of Hunt's acts and omissions, P&K suffered substantial repeated and on-going financial damage and losses on the Project.

16. In addition to Hunt's mismanagement and lack of coordination, Hunt also intentionally failed and refused to fully pay sums due to P&K under the Subcontract for work performed, despite the fact that such payment was due and owing. Hunt intentionally failed and refused to process change orders for additional work performed by P&K.

### COUNT I – PAYMENT BOND CLAIM

17. P&K incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18.     Hunt provided the owners of the Project, 1000K LLC and the District of Columbia, a Municipal Corporation, a payment bond (the "Bond") for the purpose of securing the payment of Hunt's subcontractors and suppliers on the Project, which included P&K.

19.     The Bond was issued by several sureties, jointly and severally, including USF&G and Federal, for the penal sum amount of Fifty-Two Million Nine Hundred Twenty Four Thousand Two Hundred Fifty Two Dollars ($52,924,252.00).  The express apportioned, joint and several liability of USF&G was $21,169,700.80 and the express apportioned, joint and several liability of Federal was $10,584,850.40.

20.     Pursuant to the Bond, Hunt, USF&G and Federal all promised and agreed that P&K, as a claimant under the Bond, would be paid in full for its work on the Project. Hunt, the principal under the Bond, has failed and refused to pay P&K for the work P&K performed on the Project.

21.     P&K is a "claimant" as defined under the Bond because P&K had a direct contract with the principal for providing services for use in the performance of Hunt's contract with the Owner.

22.     P&K has provided notice to the sureties as provided by paragraph 4.1 of the Bond with a copy of such notice being provided to the Owner.

23.     Neither USF&G nor Federal has made payment to P&K under the Bond.

24.     All conditions precedent to Hunt's, USF&G's and Federal's liability under the Bond have been satisfied and they are now jointly and severally liable to P&K as a valid payment bond claimant for payment in full of P&K's claim plus interest.

- 6 -

WHEREFORE, The Poole and Kent Corporation demands judgment against USF&G and Federal in an amount to be determined at trial, but over Seventy Five Thousand Dollars ($75,000.00) plus interest, fees, court costs and whatever other amount this Court deems proper and in the interests of justice.

/s/ Robert F. Carney
Bar No. 436999
/s/ Nichole M. Velasquez
Bar No. 495315
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Defendant and Third Party Plaintiff,
THE POOLE AND KENT CORPORATION

Of Counsel:
Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2006, a copy of the foregoing Third Party Complaint was served by electronic mail pursuant to the Court's Standing Order regarding electronic filing to:

>David T. Dekker, Esquire
>Jeffrey R. Gans, Esquire
>Michael S. McNamara, Esquire
>Thelen Reid & Priest, LLP
>701 Eighth Street, N.W.
>Washington, D.C. 20001
>*Attorneys for Hunt Construction Group*

/s/ Nichole M. Velasquez

*1709866*