UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., | :: |
| Plaintiff, | :: |
| v. | :: Civil Action No. 1:06cv01850 |
| | :: Hon. James Robertson, U.S.D.J. |
| THE POOLE AND KENT CORPORATION, | :: |
| Defendant/Third Party Plaintiff, | **HUNT CONSTRUCTION GROUP, INC.'S REPLY TO DEFENDANT'S COUNTERCLAIM** |
| v. | |
| HUNT CONSTRUCTION GROUP, INC. | |
| Third Party Defendant. | |

Hunt Construction Group, Inc. ("Hunt"), as and for its Answer to the Counterclaim of The Poole and Kent Corporation ("Poole & Kent" or "Defendant"), states as follows:

1.  Hunt admits that Poole & Kent performed certain construction services at the Embassy Suites hotel, located at 1000 K Street NW, Washington, D.C. (the "Project") pursuant to a subcontract between Poole & Kent and Hunt (the "Subcontract") and refers to the Subcontract for its true intent and legal meaning. Hunt denies that the allegations contained in Paragraph 1 of the Counterclaim constitute a complete and accurate description of the terms and conditions of the Subcontract and therefore denies those allegations to the extent they differ from the terms and conditions of the Subcontract.

2.  Hunt admits the allegations as to the scope of the Project as contained in Paragraph 2 of Defendant's Counterclaim. Hunt denies that Paragraph 2 of the Counterclaim contains a complete and accurate list of the mechanical equipment and its location in the Project.

3.  Hunt admits a Project of this size requires coordination, supervision, and

management of subcontractors and the flow of materials and supplies. Hunt denies that Paragraph 3 contains an accurate description as to its duties on the Project.

4. Hunt denies the allegations contained in paragraph 4 of the Counterclaim.

5. Hunt denies the allegations contained in paragraph 5 of the Counterclaim.

6. Hunt denies the allegations contained in paragraph 6 of the Counterclaim.

7. Hunt denies the allegations contained in paragraph 7 of the Counterclaim.

8. Hunt denies the allegations contained in paragraph 8 of the Counterclaim.

9. Hunt denies the allegations contained in paragraph 9 of the Counterclaim.

10. Hunt denies the allegations contained in paragraph 10 of the Counterclaim.

**AS AND FOR AN ANSWER TO THE FIRST COUNT**

11. Hunt incorporates its answers and responses to paragraphs 1-10 of the Counterclaim by reference.

12. Hunt admits that Poole & Kent performed certain construction services at the Project pursuant to the Subcontract and refers to the Subcontract for its true intent and legal meaning. Hunt denies that the allegations contained in Paragraph 12 of the Counterclaim constitute a complete and accurate description of the terms and conditions of the Subcontract and therefore denies those allegations to the extent they differ from the terms and conditions of the Subcontract.

13. Hunt denies the allegations contained in paragraph 13 of the Counterclaim.

14. Hunt denies the allegations contained in paragraph 14 of the Counterclaim.

15. Hunt denies the allegations contained in paragraph 15 of the Counterclaim.

16. Hunt denies the allegations contained in paragraph 16 of the Counterclaim.

17. Hunt denies the allegations contained in paragraph 17 of the Counterclaim.

18. Hunt denies the allegations contained in paragraph 18 of the Counterclaim.

**WHEREFORE**, Hunt demands judgment dismissing the First Count of Defendant's Counterclaim and for such other and further relief as the Court deems just and proper.

## AS AND FOR AN ANSWER TO THE SECOND COUNT

19. Hunt incorporates its answers and responses to paragraphs 1-18 of the Counterclaim by reference.

20. Hunt denies the statement contained in paragraph 20 of the Counterclaim is a complete and accurate statement of law.

21. Hunt denies the allegations contained in paragraph 21 of the Counterclaim.

**WHEREFORE**, Hunt demands judgment dismissing the Second Count of Defendant's Counterclaim and for such other and further relief as the Court deems just and proper.

## AS AND FOR AN ANSWER TO THE THIRD COUNT

22. Hunt incorporates its answers and responses to paragraphs 1-21 of the Counterclaim by reference.

23. Hunt denies the allegations contained in paragraph 23 of the Counterclaim.

24. Hunt denies the allegations contained in paragraph 24 of the Counterclaim.

25. Hunt denies the allegations contained in paragraph 25 of the Counterclaim

26. Hunt denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Counterclaim, and therefore denies them.

27. Hunt denies the allegations contained in paragraph 27 of the Counterclaim.

28. Hunt denies the allegations contained in paragraph 28 of the Counterclaim.

29. Hunt denies the allegations contained in paragraph 29 of the Counterclaim.

**WHEREFORE**, Hunt demands judgment dismissing the Third Count of Defendant's Counterclaim and for such other and further relief as the Court deems just and proper.

## AS AND FOR AN ANSWER TO THE FOURTH COUNT

30. Hunt incorporates its answers and responses to paragraphs 1-29 of the Counterclaim by reference.

31. Hunt denies the allegations contained in paragraph 31 of the Counterclaim.

32. Hunt denies the allegations contained in paragraph 32 of the Counterclaim.

33. Hunt denies the allegations contained in paragraph 33 of the Counterclaim

34. Hunt denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Counterclaim and therefore denies them.

35. Hunt denies the allegations contained in paragraph 35 of the Counterclaim.

36. Hunt denies the allegations contained in paragraph 36 of the Counterclaim.

37. Hunt denies the allegations contained in paragraph 37 of the Counterclaim.

**WHEREFORE**, Hunt demands judgment dismissing the Fourth Count of Defendant's Counterclaim and for such other and further relief as the Court deems just and proper.

## AS AND FOR AN ANSWER TO THE FIFTH COUNT

38. Hunt incorporates its answers and responses to paragraphs 1-37 of the Counterclaim by reference.

39. Hunt denies the allegations contained in paragraph 39 of the Counterclaim.

40. Hunt denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Counterclaim and therefore denies them.

41. Hunt denies the allegations contained in paragraph 41 of the Counterclaim.

42. Hunt denies the allegations contained in paragraph 42 of the Counterclaim.

43. Hunt denies the allegations contained in paragraph 43 of the Counterclaim.

**WHEREFORE**, Hunt demands judgment dismissing the Fifth Count of Defendant's Counterclaim

and for such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

44. Defendant's counterclaim fails to state a claim upon which relief can be granted.

45. Defendant's counterclaims are barred, in whole or in part, by estoppel.

46. Defendant has, in whole or in part, waived the claims set forth in its counterclaim.

47. Defendant's counterclaims are barred, in whole or in part, by accord and satisfaction.

48. Defendant's counterclaims are barred, in whole or in part, because they have been released.

49. Hunt is entitled, by way of set-off, recoupment or otherwise, to recover all moneys and/or costs incurred by Hunt due to Defendant's acts and omissions.

50. Defendant's counterclaims are, in whole or in part, time-barred.

51. Defendant's counterclaims are barred, in whole or in part, due to the fact that the damages alleged in Defendant's counterclaim, although denied, if established, were caused by the actions or non-actions of parties other than Hunt and for whom Hunt is not liable.

10. Defendant's counterclaims are barred, in whole or in part, by Defendant's failure to comply with contractual conditions precedent.

11. Defendant's counterclaims are barred, in whole or in part, because they are premature.

12. Defendant's counterclaims are barred, in whole or in part, by the terms and conditions of the contract.

**WHEREFORE**, having fully answered, Hunt's prays for judgment in its favor, interest, costs, attorneys fees by contract or otherwise, and such other and further relief as is provided in the had by law.

Dated: December 11, 2006

              *Attorneys for Plaintiff*
              *Hunt Construction Group, Inc.*

                /s/
              David T. Dekker, Esq.
              Jeffrey R. Gans, Esq.
              Michael S. McNamara, Esq.
              Thelen Reid Brown Raysman & Steiner LLP
              701 Eighth Street, NW
              Washington, DC  20001-3721
              Tel:  (202) 508-4000
              Fax:  (202) 508-4321

*Of Counsel for Hunt Construction Group, Inc.:*

José M. Pienknagura, Esq.
Hunt Construction Group, Inc.
6720 N. Scottsdale Road
Suite 300
Scottsdale, Arizona  85008
Telephone:  (480) 368-4740
Facsimile:  (480) 368-4745