# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC., | :: | |
| | :: | |
| Plaintiff/Counterclaim-Defendant | :: | |
| | :: | |
| v. | :: | Civil Action No. 1:06cv01850 |
| | :: | Hon. James Robertson, U.S.D.J. |
| THE POOLE AND KENT CORPORATION, | :: | |
| | :: | |
| Defendant/Counterclaimant/Third Party | :: | **UNITED STATES FIDELITY AND** |
| Plaintiff, | :: | **GUARANTY COMPANY'S AND** |
| | :: | **FEDERAL INSURANCE COMPANY'S** |
| v. | :: | **ANSWER TO THIRD PARTY** |
| | :: | **COMPLAINT** |
| UNITED STATES FIDELITY AND | :: | |
| GUARANTY COMPANY | :: | |
| 9001 Wesleyan Road, Suite 101 | :: | |
| Indianapolis, IN  46268 | :: | |
| | :: | |
| And | :: | |
| | :: | |
| FEDERAL INSURANCE COMPANY | :: | |
| 233 S. Wacker Drive, #4700 | :: | |
| Chicago, IL  60606 | :: | |
| | :: | |
| Third Party Defendants | :: | |

## ANSWER AND AFFIRMATIVE DEFENSES

Third Party Defendants United States Fidelity and Guaranty Company ("USF&G"), and Federal Insurance Company ("Federal") (collectively the "Sureties"), by counsel, for their Answer to the Third Party Complaint of The Poole and Kent Corporation ("Poole & Kent" or "Third Party Plaintiff"), state as follows:

1. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third Party Complaint and therefore deny them.

2. The Sureties admit the allegations contained in paragraph 2 of the Third

Party Complaint.

3. Paragraph 3 of the Third Party Complaint states a legal conclusion to which no response is required by the Sureties. To the extent a response is required, the Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Third Party Complaint and therefore deny them.

4. The Sureties admit the allegations contained in paragraph 4 of the Third Party Complaint.

5. Paragraph 5 of the Third Party Complaint states legal conclusions to which no response is required by the Sureties. To the extent a response is required, the Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Third Party Complaint and therefore deny them.

6. Paragraph 6 of the Third Party Complaint states legal conclusions to which no response is required by the Sureties. To the extent a response is required, the Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third Party Complaint and therefore deny them.

## FACTUAL BACKGROUND

7. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Third Party Complaint and therefore deny them.

8. The Sureties deny knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 8 of the Third Party Complaint and therefore deny them.

9. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Third Party Complaint and therefore deny them.

10. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third Party Complaint and therefore deny them.

11. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Third Party Complaint and therefore deny them.

12. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Third Party Complaint and therefore deny them.

13. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Third Party Complaint and therefore deny them.

14. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Third Party Complaint and therefore deny them.

15. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Third Party Complaint and therefore deny them.

16. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Third Party Complaint and therefore deny them.

## COUNT I – PAYMENT BOND CLAIM

17. The Sureties incorporate by reference their answers and responses to the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18. The Sureties admit only that Hunt provided a payment bond to the owners of the project. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18 of the Third Party Complaint and therefore deny them.

19. The Sureties admit only that they issued a payment bond. The remaining allegations contained in paragraph 19 of the Third Party Complaint purport to state the terms and conditions of a payment bond, a written document which speaks for itself. To the extent the allegations contained in paragraph 19 of the Third Party Complaint differ from the language of the bond, the Sureties deny them.

20. The Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Third Party Complaint and therefore deny them. To the extent the allegations contained in paragraph 20 purport to state the terms and conditions of the bond, a written document which speaks for itself, the Sureties deny such allegations to the extent they differ from the language of the bond.

21. Paragraph 21 of the Third Party Complaint states a legal conclusion to which no response is required by the Sureties. To the extent a response is required, the

Sureties deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third Party Complaint and therefore deny them.

22.  The Sureties deny the allegations contained in paragraph 22 of the Third Party Complaint.

23.  The Sureties admit the allegations contained in paragraph 23 of the Third Party Complaint.

24.  The Sureties deny the allegations contained in paragraph 24 of the Third Party Complaint.

## **AFFIRMATIVE DEFENSES**

1.  Poole & Kent's Third Party Complaint fails to state a claim upon which relief can be granted.

2.  Poole & Kent's claims are barred, in whole or in part, by estoppel.

3.  Poole & Kent has, in whole or in part, waived the claims set forth in its Third Party Complaint.

4.  Poole & Kent's claims are barred, in whole or in part, by accord and satisfaction.

5.  Poole & Kent's claims are barred, in whole or in part, because they have been released.

6.  The Sureties are entitled, by way of set-off, recoupment or otherwise, to recover all moneys and/or costs incurred by their principal, Hunt, due to Poole & Kent's acts and omissions.

7.  Poole & Kent's claims are, in whole or in part, time-barred.

-5-

8.  Poole & Kent's claims are barred, in whole or in part, due to the fact that the damages alleged in Poole & Kent's Third Party Complaint, although denied, if established, were caused by the actions or non-actions of parties other than the Sureties and for whom the Sureties are not liable.

9.  Poole & Kent's claims are barred, in whole or in part, by Poole & Kent's failure to comply with contractual conditions precedent.

10. Poole & Kent's claims are barred, in whole or in part, because they are premature.

11. Poole & Kent's claims are barred, in whole or in part, by the terms and conditions of its subcontract with the Sureties' principal, Hunt.

12. Poole & Kent's claims are barred, in whole or in part, by the terms and conditions of the payment bond.

13. Poole & Kent's claims are barred, in whole or in party, because it has failed to satisfy the requirements of the District of Columbia's Little Miller Act.

14. The Sureties reserve the right to rely upon any defenses asserted by their principal.

15. The Sureties reserve the right to rely upon such other defenses as may become available throughout discovery or the course of this litigation.

**WHEREFORE**, having fully answered, the Sureties pray that Third Party Plaintiff take nothing by way of its Third Party Complaint; that the Court grant judgment in the Sureties' favor, including interest, costs, and attorneys fees by contract or otherwise, and for such other and further relief as the Court deems just and proper.

Dated: January 16, 2007 Respectfully submitted,

      /s/ Robert J. Symon
Robert J. Symon (D.C. Bar No. 436245)
Bradley Arant Rose & White, LLP
1133 Connecticut Avenue, NW, 12th Floor
Washington, D.C. 20036
Telephone:    202-393-7150
Facsimile:    202-347-1694

*Attorneys for United States Fidelity and Guaranty Company and Federal Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January 2007, a copy of the foregoing was served by electronic mail pursuant to the Court's Standing Order regarding electronic filing to:

Robert F. Carney, Esq.
Nichole M. Velasquez, Esq.
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, MD  21202-1626
*Attorneys for The Poole and Kent Corporation*

David T. Dekker, Esq.
Jeffrey R. Gans, Esq.
Michael S. McNamara, Esq.
Thelen Reid & Priest, LLP
701 Eighth Street, N.W.
Washington, D.C.  20001
*Attorneys for Hunt Construction Group*

          /s/ Robert J. Symon
            Robert J. Symon