UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC., | :: |
| | :: |
| Plaintiff/Counterclaim Defendant, | :: |
| | :: |
| v. | ::  Civil Action No. 1:06cv01850 |
| | ::  Hon. James Robertson, U.S.D.J. |
| THE POOLE AND KENT CORPORATION, | :: |
| | |
| Defendant/Counterclaim Plaintiff/ Third Party Plaintiff, | |
| | |
| v. | |
| | |
| UNITED STATES FIDELITY AND GUARANTY COMPANY | |
| | |
| and | |
| | |
| FEDERAL INSURANCE COMPANY Third Party Defendants. | |

REPORT FOR INITIAL SCHEDULING CONFERENCE

Plaintiff/Counterclaim Defendant Hunt Construction Group, Inc. ("Hunt"), Defendant/Counterclaim Plaintiff/Third Party Plaintiff The Poole and Kent Corporation ("Poole & Kent"), and Third Party Defendants United Fidelity and Guaranty Company and Federal Insurance Company, by their undersigned counsel, respectfully submit the following Report for the Initial Scheduling Conference.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective December 1, 2001, and Fed.R.Civ.P. 26(f), the parties provide the following information:

(1) The case tracking category in which the case should be placed; whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

**The parties do not know at this time whether they will be filing dispositive motions. The parties agree to set a dispositive motion deadline for**

**November 19, 2007, after the completion of discovery.**

(2) The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

**May 2, 2007.**

(3) Whether the case should be assigned to a magistrate judge for all purposes, including trial.

**No.**

(4) Whether there is a realistic possibility of settling the case.

**Both parties believe that private, non-binding mediation is appropriate.**

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures ( or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their responses to this provision with their clients. In assessing the above, counsel shall consider:

  (i) the client's goals in bringing or defending the litigation;

  (ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;

  (iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:

   (aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

   (bb) whether ADR should take place before or after the judicial resolution of key legal issues;

    (iv)    whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

    (v)    whether cost savings or any other practical advantage would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**See response to Item (4), above. Because this case involves a construction dispute, the parties believe it is essential that any mediation be conducted by an experienced construction lawyer / mediator.**

(6)    Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

| | |
|---|---|
| **Date for filing summary judgment motion:** | **November 19, 2007** |
| **Opposition:** | **December 3, 2007** |
| **Reply:** | **December 10, 2007** |

(7)    Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or time of those disclosures.

**The parties agree to the following disclosures within thirty (30) days after the initial scheduling conference:**

- 26(a)(1)(A)—requiring disclosure of individuals likely to have discoverable information
- 26(a)(1)(C)—regarding disclosure of computation of damages

**The parties will dispense with the following disclosure until discovery:**

- 26(a)(1)(B)—regarding disclosure of all documents that may be used to support claims or defenses

**Rule 26(a)(1)(D) is inapplicable to this matter.**

(8)    The anticipated extent to discovery, how long discovery should take, what limits should be placed on discovery (*e.g.*, number of interrogatories, number of depositions, duration of depositions); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

> **Discovery shall be approximately nine (9) months as set forth in the Proposed Joint Scheduling Order. The parties agree to abide by the discovery rules as set forth in the Federal Rules of Civil Procedure and the Local Rules for the District Court of the District of Columbia, with one exception. The parties agree that each party may take up to fourteen (14) hours of depositions pursuant to Rule 30(b)(6).**

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

> **Exchange of Expert Reports:** September 7, 2007
> **Exchange of Expert Opposition Reports:** September 28, 2007
> **Exchange of Expert Reply Reports:** October 12, 2007
> **Expert depositions:** Oct. 22, 2007 –
> November 9, 2007

(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

> **N/A.**

(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

> **N/A.**

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

> **December 17, 2007 - The pretrial conference should be scheduled a reasonable amount of time after the close of discovery. That gives the parties some "buffer" room in the case of discovery occurring past the deadline. The parties should agree that minor extensions of discovery can be agreed upon without court approval as long as the extension does not change the date of the pretrial conference.**

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date be set at the pretrial conference from 30 to 60 days after that conference.

> **The parties request that the Court set a firm trial date on or after January 14, 2008.**

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**None**.

Respectfully submitted,

| | |
|---|---|
| _____/s/_____<br>David T. Dekker [D.C. Bar # 358173]<br>Jeffrey R. Gans [D.C. Bar # 452332]<br>Michael S. McNamara [D.C. Bar # 493773]<br>THELEN REID BROWN RAYSMAN & STEINER, LLP<br>701 Eight Street, N.W.<br>Washington, D.C.  20001-3721<br>Telephone:     (202) 508-4000<br>Facsimile:     (202) 508-4321 | _____/s/_____<br>Robert F. Carney [D.C. Bar # 436999]<br>Michael A. Stover [Pro Hac Vice]<br>Nichole M. Velasquez [D.C. Bar # 495315}<br>WHITE FORD, TAYLOR & PRESTON L.L.P.<br>Seven Saint Paul Street<br>Baltimore, Maryland 21202-1626<br>Telephone:     (410) 347-8700 |

_____/s/_____
Donna M. Crowe [D.C. Bar # 481946]
[*pro hac vice*]
Robert J. Symon [D.C. Bar # 436245]
BRADLEY ARANT ROSE & WHITE, LLP
1133 Connecticut Ave., N.W., 12th Floor
Washington, D.C.  20036
Telephone:  (202) 719-8212
Facsimile:  (202) 347-1684