IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUNT CONSTRUCTION GROUP, INC.　　*

　　　　Plaintiff　　　　　　　　　　*

v.　　　　　　　　　　　　　　　　*　Civil Court Action No:　　1:06CV1850
　　　　　　　　　　　　　　　　　　Judge James Robertson

THE POOLE AND KENT CORPORATION　*

　　　　Defendant　　　　　　　　　　*

　　　*　　*　　*　　*　　*　　*　　　*　　*　　*　　*　　*

## THE POOLE AND KENT CORPORATION'S MOTION TO COMPEL

Defendant/Third-Party Plaintiff The Poole and Kent Corporation ("P&K"), by its

undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby files its

Motion to Compel Federal Insurance Company ("Federal") and United States Fidelity and

Guaranty Company ("USF&G") (collectively, the "Sureties"), Third-Party Defendants, to file

responsive answers to P&K's Interrogatories and Request for Production of Documents. In

support, P&K states as follows:

1)　　　P&K sent Interrogatories and Requests for Production of Documents to the Sureties on or

about February 16, 2007.

2)　　　The Sureties responded to P&K's discovery responses on or about April 6, 2007.

3)　　　The Sureties refused to answer eight (8) interrogatories because it defined them as

"contention interrogatories" and therefore stated that they "need not be answered until the close

of discovery."

4)　　　The Sureties also objected to *every* interrogatory and document request with boilerplate

objections.

5)      Ten (10) out of fifteen (15) interrogatories, and seventeen (17) out of twenty (20) document requests, were objected to because they were allegedly "vague, ambiguous, and overly broad."  The Sureties provided no further explanation for these objections.

6)      Eleven (11) out of fifteen (15) interrogatories, and eighteen (18) out of twenty (20) document requests, were objected to because they allegedly sought "information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity."  The Sureties did not specify which privilege or immunity applied to each discovery request nor did it provide any further explanation.

7)      The Sureties have refused to produce documents responsive to the P&K's document requests despite their responses that they would produce all "relevant non-privileged documents."

8)      The failure of the Sureties to provide adequate discovery responses to any of P&K's discovery requests is in violation of the Federal Rules and has frustrated P&K's ability to pursue its claims.

WHEREFORE, The Poole and Kent Corporation, for the reasons set forth above and in its Memorandum in Support of its Motion to Compel, respectfully requests this Court to GRANT its Motion to Compel and order that Federal Insurance Company and United States Fidelity and Guaranty Company be deemed to have waived their objections to the discovery requests, to provide full and complete responses within seven (7) days, and to produce all responsive documents, as well as order such other sanctions as this Court deems proper and just, including the costs, fees and expenses associated with this motion.

Respectfully submitted,

/s/_____
Robert F. Carney (Bar No. 436999)
Michael A. Stover (Pro Hac Vice)
Nichole M. Velasquez (Bar No. 495315)
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-8700

Attorneys for The Poole and Kent Corporation


<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 6th day of June, 2007, a copy of the foregoing

Motion to Compel and Memorandum in Support Thereto was served by electronic mail pursuant

to the Court's Standing Order regarding electronic filing to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid & Priest, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C.  20036
Phone:  202-719-8212


/s/_____
Nichole M. Velasquez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUNT CONSTRUCTION GROUP, INC.          *

      Plaintiff          *

v.          *   Civil Court Action No:          1:06CV1850

THE POOLE AND KENT CORPORATION          *

      Defendant          *

    *    *    *    *    *    *        *    *    *    *    *

## MEMORANDUM IN SUPPORT OF THE POOLE AND KENT CORPORATION'S MOTION TO COMPEL

      Defendant/Third-Party Plaintiff The Poole and Kent Corporation ("P&K"), by its undersigned counsel, pursuant to Rule 37 of the Federal Rules of Civil Procedure, hereby files its Memorandum in Support of its Motion to Compel Federal Insurance Company ("Federal") and United States Fidelity and Guaranty Company ("USF&G") (collectively, the "Sureties"), Third-Party Defendants, to file responsive answers to P&K's Interrogatories and Request for Production of Documents, and to produce all responsive documents.

## Facts

      On or about February 16, 2007, P&K served Interrogatories and Requests for Production of Documents to Federal and USF&G in the above-referenced case.[1] According to the Federal Rules, Federal and USF&G's responses to P&K's discovery requests were due on or about March 21, 2007.  On March 1, 2007, counsel for the sureties requested an extension of time in

---

[1] Copies of the Interrogatories and Request for Production of Documents to Federal are attached hereto as **Exhibit 1.** The discovery requests to USF&G were identical to those served upon Federal.

which to respond to P&K's discovery requests and P&K granted the sureties an additional two weeks to respond to the discovery. The Sureties filed their responses on or about April 6, 2007.[2]

The Sureties refused to answer eight (8) interrogatories because it defined them as "contention interrogatories" and asserted that such interrogatories "need not be answered until the close of discovery."[3] The Sureties also objected to *every* interrogatory and document request with standard boilerplate objections. Ten (10) out of fifteen (15) interrogatories[4], and seventeen (17) out of twenty (20) document requests[5], were objected to because they were allegedly "vague, ambiguous, and overly broad." The Sureties provided no facts, circumstances or further explanations to support or substantiate these boilerplate objections. Eleven (11) out of fifteen (15) interrogatories[6], and eighteen (18) out of twenty (20) document requests[7], were objected to because they allegedly sought "information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity." The Sureties did not specify which privilege or immunity applied to each discovery request nor did it provide any further information or explanation.

On or about May 3, 2007, P&K responded to the Sureties' discovery responses with a letter setting forth the inadequacy of the responses.[8] P&K requested that the Sureties amend the responses within seven (7) days. The Sureties did not amend their responses or respond to P&K's letter within the timeframe requested. Further, the Sureties made no effort to produce any non-objectionable documents in response to P&K's document requests. Accordingly, several

---

[2] The Sureties' discovery responses are attached hereto as follows: Responses from Federal to P&K's Interrogatories, **Exhibit 2;** Responses from Federal to P&K's Requests for Production of Documents, **Exhibit 3;** Responses from USF&G to P&K's Interrogatories, **Exhibit 4;** Responses from USF&G to P&K's Requests for Production of Documents, **Exhibit 5**.

[3] The Sureties refused to answer Interrogatory Nos. 2, 9, 10, 11, 12, 13, 14, and 15. *See* **Exhibits 2 and 4**.

[4] Interrogatory Nos. 2, 3, 5, 8, 10, 11, 12, 13, 14, and 15.

[5] Document Request Nos. 1,2,4,6,7,8,10,11,12,13,14,15,16,17,18,19, and 20.

[6] Interrogatory Nos. 1, 3, 4, 6, 9, 10, 11, 12, 13, 14, and 15.

[7] Document Request Nos. 1,2,3,4,5,8,9,10,11,12,13,14,15,16,17,18,19, and 20.

days after the seven (7) day timeframe had expired, counsel for P&K attempted to call the

Sureties' counsel to discuss the Sureties' discovery responses but counsel's phone calls and

emails went unanswered. When P&K's counsel finally did reach the Sureties' counsel, on May

25, 2007, the Sureties' counsel did not have any specific response to P&K's letter and indicated

that some response would be forthcoming. The Sureties sent a letter on March 28, 2007 wherein

it maintained that its objections were proper and that it was not required to respond to alleged

"contention interrogatories."[9]  The Sureties stated that their responsive documents would be

produced within the week.  The documents produced by Federal consisted of only P&K's claim

letter and the documents produced by USF&G consisted of some of the pleadings in this

litigation and an internal two-page claim set-up sheet.  Counsel for the Sureties' stated that the

Sureties will not produce any documents related to any third-party claims on the Payment and/or

Performance Bonds for this Project because they deem such information to be "irrelevant."

## **Argument**

I.    "Contention Interrogatories"

The Sureties refused to answer Interrogatory Nos. 2, 9, 10, 11, 12, 13, 14, and 15 because

it defined them as "contention interrogatories" and stated that as such the interrogatories "need

not be answered until the close of discovery," citing *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*,

173 F.R.D. 651 (D. Md. 1997).  The Sureties' objection is an incorrect assertion of Federal Rule

33(c) and an incorrect interpretation of the *Flagstaff*, decision.  Federal Rule 33(c) states (in

relevant part):

> An interrogatory otherwise proper is not necessarily objectionable merely because
> an answer to the interrogatory involves an opinion or contention that relates to fact

---

[8] A copy of the letter from P&K is attached hereto as **Exhibit 6**.
[9] A copy of the May 28, 2007 letter from the Sureties is attached hereto as **Exhibit 7**.

or the application of law to fact, but *the court may order* that such an interrogatory
need not be answered until after designated discovery has been completed or until
a pre-trial conference or other later time. (Emphasis added).

This rule clearly states that an interrogatory is not objectionable because it seeks an opinion or
contention. Indeed, the Federal Rules Advisory Committee's note to the 1970 amendment to
Rule 33 observes that requests for opinions or contentions "can be most useful in narrowing or
sharpening the issues, which is a major purpose of discovery." Rule 33 merely provides the
***court*** the option to delay an answer to an interrogatory until a designated time. There has been
no court order permitting the Sureties to delay any response to the aforementioned
interrogatories, the Sureties have not moved for such an order, nor are there any grounds to do so.
Moreover, the Sureties are obligated under the Federal Rules to answer the interrogatories to the
fullest extent possible at the time propounded, even if more complete answers may be provided
at a later time. Rule 33(b)(1) requires that each interrogatory be answered separately and fully.
The Sureties' duty, as the responding party, is to "provide true, explicit, responsive, complete and
candid answers to the interrogatories." *See Alexander v. FBI, 192 F.R.D. 50, 53 (D.D.C. 2000),
citing Chubb Integrated Systems Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 61 (D.D.C.
1984).

In this case, the Sureties have used Rule 33(c) to defend their refusal to provide any facts
or information to support the contentions that they themselves have already asserted in this case.
That is not the practice contemplated by the Federal Rules or advocated by the *Flagstaff Ind.
Corp.*, *supra.*, decision. The *Flagstaff* case cited Rule 33(c) in a footnote to the following
statement, "Properly drafted 'contention interrogatories,' for example, can help pin down an
opponent's legal theories in a case as well as the primary facts supporting them." *Id*. at 652. The
*Flagstaff* case was not about contention interrogatories; rather, it was about an attorney's refusal

to respond to the opposing party's discovery requests because of his dissatisfaction with opposing party's responses to his discovery.  Essentially the attorney was holding the discovery responses "hostage until he obtained discovery responses which met his satisfaction." *Id.* at 656. The *Flagstaff* case did not address the issue of whether a party can refuse to respond to contention interrogatories; in fact, the spirit of the *Flagstaff* case was to promote interrogatories as an effective and often overlooked form of discovery.[10]

Further, the objection regarding "contention interrogatories" cannot be applicable to Interrogatory Nos. 10 through 15 because those interrogatories do not seek contentions; rather they seek the basis for the specific affirmative defenses that the Sureties asserted in their Answer. For example, Interrogatory No. 10 provides:[11]

> Interrogatory No. 10:  Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by waiver.
>
> Answer :     Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See*, *e.g.*, *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after the designated discovery has been completed or until a pre-trial conference or other later time.") In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on the grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

---

[10] In his decision, Magistrate Judge Grimm of the United States District Court for the District of Maryland stated, "it is essential that counsel who receive them [interrogatories] act with diligence and good faith, and submit timely, responsive, and complete answers." *Flagstaff*, 173 F.R.D. at 653.

[11] *See* Exhibits 2 and 4.

The Sureties' response is the same for every Interrogatory that the Sureties' deem to be a "contention interrogatory." If the Sureties do not have any basis in fact or law to support the affirmative defenses, which they have the burden of establishing, then the Sureties should not have raised such defenses and they must be withdrawn. If the Sureties have a factual and/or legal basis for asserting the defenses, then that basis must be set forth in response to the Interrogatories. The Sureties cannot rely upon a defense and at the same time refuse to provide the basis for that defense during discovery.

II.    Boilerplate Objections

In addition to refusing to answer any alleged contention interrogatories, the Sureties objected to *every* interrogatory and document request with some form of boilerplate objection. Federal Rule 33(b)(4) states, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity." The Sureties objected to ten (10) out of fifteen (15) interrogatories (*See* Interrogatory Nos. 2, 3, 5, 8, 10, 11, 12, 13, 14, and 15), and seventeen (17) out of twenty (20) document requests (Document Request Nos. 1,2,4,6,7,8,10,11,12,13,14,15,16,17,18,19, and 20), because they were allegedly "vague, ambiguous, and overly broad." The Sureties provided no further explanation for these objections. "A party opposing discovery bears the burden of showing why discovery should be denied." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the interrogatory is burdensome. *See Alexander, 192 F.R.D. at 53, citing Lohrenz v. Donnelly*, 187 F.R.D. 1, 4 (D.D.C. 1999) (compelling the objecting party to fully answer the interrogatory at issue because there was no showing that the research required was unduly burdensome); *Chubb*, 103 F.R.D. at 60-61 ("An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or

offering evidence which reveals the nature of the burden."); *see also Harvey v. Eimco Corp.*, 28 F.R.D. 381 (E.D. Penn. 1961) ("The defendant can not complain merely because in order to answer the plaintiff's interrogatories it must interrogate its personnel or compile information within its control.").  Even a cursory review of the Sureties' discovery responses reveals that there is simply no basis whatsoever for asserting that the discovery requests in question are vague, ambiguous or overly broad.

In this instance, the discovery requests are entirely proper and limited to relevant, discoverable information related to a specific construction project.  Moreover, the Interrogatories and Requests are standard discovery requests, which have been used repeatedly in many construction and surety litigation matters.  For example, Interrogatory No. 3 clearly and simply provides:

> Identify all persons who have personal knowledge of the facts referring, relating, or pertaining to this litigation, including a brief summary of those facts as to which each individual possesses personal knowledge and contact information for each individual.

This interrogatory merely seeks the identification of witnesses with information relating to the Project.  The Sureties response is,

> Federal objects to this Interrogatory for the reasons set forth in its General Objections. In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiver of the foregoing objections, Federal identifies Vincent C. Miseo, Surety Claims Attorney, Federal Insurance Company, 15 Mountain View Road, Warren, NJ 07059.

Clearly there are far more individuals who possess knowledge and information about the facts in this litigation, however, because of the objections, the Defendant has no idea if the person listed in the Sureties' response is the only person with personal knowledge of the facts relating to the litigation or if the Sureties are withholding names based upon its plethora of objections. There is nothing vague confusing or burdensome about the interrogatory. The Sureties' response to P&K's Document Requests have the same flaw. For example, Document Request No. 9 provides as follows:

> <u>Document Request No. 9</u>:    All documents received from any third party relating or referring to the Performance Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

The Sureties Response is:

> <u>Answer</u>:    Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonable calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonable accessible to or would be unreasonable or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and document responsive to this Request may not be currently available.
>
>      Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

From this response, P&K has no idea whether the Sureties are refusing to produce documents based upon their assertion of the boilerplate objections, because the Sureties'

statement that it will produce responsive documents is qualified by the statement, "subject to and

without waiver of the foregoing General and Specific Objections, . . ." Despite the statement that

responsive documents would be produced, the Sureties have subsequently produced essentially

nothing. It appears that the Sureties have chosen to simply interpose boilerplate objections rather

than take the time to provide the information sought, despite the fact that they have been given

far in excess of the thirty days allowed under the rules to provide responses. This Court should

not permit such blatant disregard of the Federal Rules. *See Pro Football, Inc. v. Harjo*, 191 F.

Supp. 2d 77, 80 (D.D.C. 2002); *Natural Resources Defense Council v. Curtis*, 189 F.R.D. 4, 13

(D.D.C. 1999) and *Athridge v. Aetna Cas. & Sur. Co.*, 184 F.R.D. 181, 191 (D.D.C. 1998).

III.    Improper Assertion of Privileges

In addition to the unfounded boilerplate objections noted above, the Sureties improperly

objected to eleven (11) out of fifteen (15) interrogatories (Interrogatory Nos. 1, 3, 4, 6, 9, 10, 11,

12, 13, 14, and 15), and eighteen (18) out of twenty (20) document requests (Document Request

Nos. 1,2,3,4,5,8,9,10,11,12, 13,14,15,16,17,18,19, and 20), because they allegedly sought

"information protected by the attorney-client privilege, the joint defense privilege, the work

product doctrine, or any other applicable privilege or immunity." The Sureties did not specify

which privilege or immunity applied to each discovery request nor did it provide any further

explanation, facts or details about their assertion of the privilege and no privilege log was

provided. A bald assertion of privilege and/or work product protection is grossly insufficient

under the Federal Rules. *See Lohrenz,* 187 F.R.D. at 7, *citing Peat, Marwick, Mitchell & Co. v.

West*, 748 F.2d 540, 541-42 (10th Cir. 1984).

Rule 26(b)(5) states that "when a party withholds information otherwise discoverable

under these rules by claiming that it is privileged or subject to protection as trial preparation

material, the party shall make the claim expressly and shall describe the nature of the documents .

. . not produced or disclosed in a manner that . . . will enable other parties to assess the

applicability of the privilege or protection." The definitions/instructions which were included

with the Interrogatories to the Sureties provided:

> (e)　　If you contend that you are entitled to withhold from production any or all of the information or documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, then with respect to all such information or documents:

> > (1)　　Describe the nature of the information/document;
> > (2)　　State the date of the information/document;
> > (3)　　identify the persons who sent and received the original and a copy of the document or who communicated the information;
> > (4)　　State the subject matter of the information/document; and
> > (5)　　State the basis upon which you contend you are entitled to withhold the information/document from production.

The Sureties provided no information whatsoever with their objections. Moreover, the

discovery requests to which the Sureties objected are standard discovery requests which seek

basic information. For example, Interrogatory No. 1 seeks discoverable information concerning

experts, Interrogatory No. 3 seeks the identification of witnesses and Interrogatory No. 4 seeks

information concerning claims asserted against the payment bonds issued by the Sureties. The

Requests for Production of documents seek similar non-privileged information. Request No. 10

seeks the following:

> All documents constituting or relating to any correspondence or communications between you and Hunt related to the Project

This document request is simple, clear and concise and does not seek documents which are

privileged or protected. The Sureties response was as follows:

> Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the

claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonable accessible to or would be unreasonable or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and document responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Based upon the response, P&K in not able to discern what documents are being produced and what documents are being withheld under a claim of privilege. As previously noted, the Sureties have produced no privilege log and have essentially produced no documents. In *Lohrenz, supra.*, because the objecting party failed to provide any of the information required by the Federal Rules in connection with its assertion of the attorney-client privilege and work product doctrine, such privileges and protections were deemed waived by the Court. Id., *187 F.R.D. at 6-7.* The Court should apply a similar sanction here.

IV.    Improper Assertion of Relevance

In response to all of P&K's Requests for Production of Documents except Request Nos. 3 & 5, the Sureties, after a long boilerplate objection, respond that subject to the objections they will produce all documents which are "relevant" and responsive. The Sureties produced the extent of their alleged relevant and responsive documents on June 4, 2007. Federal produced one document which consisted of P&K's own claim letter. USF&G produced a copy of some pleadings filed in this litigation and one two-page internal claim set-up document. That was the

extent of the Sureties' document production.  When counsel for P&K spoke to the Sureties'

counsel regarding the production of documents, she was informed that the Sureties' position is

that it is not producing any information regarding any third-party performance and/or payment

bond claims because the information is not relevant.  Essentially, the only documents which the

Sureties deem to be relevant are the claims asserted by P&K.

The documents that P&K seeks are clearly relevant to its claim or defenses in this

litigation.  Rule 26(b) allows a party to obtain discovery regarding any matter, not privileged,

relating to the claim or defense of a party regardless of whether or not the information will be

admissible in trial.  The term relevance at the discovery stage is broadly construed and is given

very liberal treatment.  *See Chubb Integrated Systems Ltd. v. National Bank of Washington,* 103

F.R.D. 52, 59 (D.D.C. 1984), *see also Smith v. Schlesinger,* 168 U.S. App. D.C. 204, 513 F.2d

462, 472-473 (D.C. Cir. 1975)(stating that a party may discover information which is not

admissible at trial if such information will have some probable effect on the organization and

presentation of the moving party's case).  The treatment of the term is so liberal that relevant

information sought need not even "be admissible at trial if the discovery appears reasonably

calculated to lead to the discovery of admissible evidence."  *See* Fed.R.Civ.P. 26(b)(1).

The Advisory Committee Notes to Rule 26 observe that, "A variety of types of

information not directly pertinent to the incident in suit could be relevant to claims or defenses

raised in a given action." *See* Fed.R.Civ.P. 26 (b)(1) Advisory Committee Notes 2000

Amendment.  Ultimately, "the court may permit broader discovery in a particular case depending

on the circumstances of the case, the nature of the claims and defenses, and the scope of the

discovery requested."  *Id.*

This litigation involves a very large construction project with numerous subcontractors. P&K's claims are partly based upon Hunt's inability to effectively coordinate, manage, and schedule the work of the various subcontractors which caused delays and other impacts upon P&K's ability to perform its work. Hunt has refused to make certain payments to P&K because of alleged back-charges and delays that it has attributed to P&K. Hunt also refused to make full and complete payments to other subcontractors which lead to over $4 million in mechanics lien filings by various subcontractors and numerous lawsuits. If other subcontractors were affected by Hunt's failures on this Project and have asserted claims against the payment bond for similar reasons as P&K, that information is relevant to establishing P&K's claims against Hunt and the Sureties and will help P&K to determine what further discovery may be needed. Further, such information may reveal additional persons with personal knowledge of the issues. Likewise, any response by Hunt or the Sureties to other subcontractor claims may contain admissions or other relevant information that P&K can rely upon in its claims and/or defenses as well as in depositions or further discovery. For example, Hunt or the Sureties may have blamed other subcontractors for delay that Hunt is attributing to P&K. All this information is relevant to P&K's claims and defenses. Similarly, any performance bond demands by the owner would contain the same type of relevant information. This information has been wrongly withheld by the Sureties' improper assertion that such information is not "relevant."

V.    Conclusion

The above noted improper objections were asserted conjunctively with other, non-specific boilerplate objections and over fourteen (14) General Objections. This Court has stated that it will not accept mere boilerplate objections. *See Pleasants v. Allbaugh*, 208 F.R.D. 7, 12 (D.C. Cir. 2002). Such unfounded and unsupported objections serve no purpose except to confuse the

reader as to the genuinely objectionable portions of a discovery request. P&K has no idea what portion of the discovery request was responded to, if at all, or the basis upon which these objections were asserted.

In light of the Sureties utter failure to comply with the rules of discovery, this Court should order that the Sureties' objections are waived and that the Sureties must provide full and complete answers within seven (7) days. The deadline for fact discovery is just over two (2) months away and because of the size of the project and the types of claims asserted, the parties have many depositions to conduct. Without complete discovery responses from the Sureties, P&K cannot have a clear understanding of the facts which allegedly support the Sureties' defenses. The Sureties' delays and refusal to abide by the Federal Rules have frustrated P&K's ability to pursue its claims. P&K's discovery requests have been outstanding for over three (3) months and P&K seeks no more information that what the Sureties' are required to provide under the Federal Rules.

WHEREFORE, The Poole and Kent Corporation, by its undersigned counsel, hereby requests that this Court GRANT its Motion to Compel and order that Federal Insurance Company and United States Fidelity and Guaranty Company be deemed to have waived their objections to the discovery requests, to provide full and complete responses within seven (7) days, and to produce all responsive documents, as well as order such other sanctions as this Court deems proper and just, including the costs, fees and expenses associated with this motion.

Respectfully submitted,


/s/_____
Robert F. Carney (Bar No. 436999)
Michael A. Stover (Pro Hac Vice)
Nichole M. Velasquez (Bar No. 495315)
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-8700

Attorneys for The Poole and Kent Corporation


<u>Local Rule 7(m) Certificate of Good Faith</u>

I, Nichole M. Velasquez, certify that I made the following good-faith attempts to discuss

this Motion with counsel for Federal Insurance Company and United States Fidelity and

Guaranty Company:

1. I sent a letter to the Sureties' attorney on or about May 3, 2007. The letter requested, among other things, that the Sureties' provide complete responses to P&K's discovery requests. P&K stated that it would move to compel if said responses were not forthcoming within one week.

2. The Sureties did not respond to my letter.

3. On May 22, 2007, I left a voicemail and sent an email to the Sureties' counsel regarding their discovery responses.

4. The Sureties did not respond to my voicemail or email.

5. On May 25, 2007, I called the Sureties' counsel again to discuss their discovery responses and the intention to file this motion.

6. The Sureties' responded with a letter on May 28, 2007. The letter did not provide complete responses to P&K's discovery responses. The letter stated that the Sureties' responsive documents would be forthcoming within one week.

7.  The Sureties' produced their responsive documents on June 4, 2007. The documents consisted of only P&K's claim correspondence.

8.  On June 5, 2007, I spoke with the Sureties' attorney regarding the basis of P&K's objections and the immediate filing of this Motion.


/s/_____

Nichole M. Velasquez

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUNT CONSTRUCTION GROUP, INC.   *

      Plaintiff/Counter-Defendant   *

v.   * Civil Court Action No:   1:06CV1850
                             Judge: James Robertson

THE POOLE AND KENT   *
CORPORATION

      Defendant/ Third-Party Plaintiff   *

   *    *    *    *    *    *    *    *    *    *    *

## INTERROGATORIES

Defendant/ Third-Party Plaintiff, The Poole and Kent Corporation

("P&K"), by its undersigned counsel, hereby submits its Interrogatories to Third-

Party Defendant Federal Insurance Company ("Federal").

## Definitions

(a)    The word "Documents" as used in these Interrogatories is used in
its broadest possible sense and means any writing or record of any type or
description whatsoever including, but not limited to, agreements,
correspondence, letters, telegrams, tapes, films, photographs, inter-office
communications, memoranda, reports, records, financial statements, financial
records, bills of sale, purchase orders, invoices, bills of lading, checks, receipts,
minutes, minutes of meetings, instructions, specifications, notes, notebooks,
diaries, photocopies, plats, plans, drawings, maps, charts, surveys, descriptions,
motion pictures, recordings, published or unpublished speeches or articles,
publications, transcripts of telephone conversations, and any other retrievable
data (whether encoded, taped or coded, electrostatically, electromagnetically or
otherwise) in your possession, custody or control or known to you, wherever
located, however produced or reproduced, whether an original or a copy
(including but not limited to photostatic or xerographic copies) and including
any non-identical copy (whether different from the original because of any
alterations, notes, comments or other material contained thereon or attached
thereto, or otherwise) together with any attachment thereto or enclosure

1

EXHIBIT

ALL-STATE LEGAL®

therewith, and including but not limited to computer data, computer disks (floppy and hard disks) and/or any computer generated or retained information, including E-mail, internet mail or intranet mail.

(b)    The word "Communication" as used in these Interrogatories includes, without limitation, any oral communication, whether transmitted in meetings, by telephone, telegraph, telex, cable, tape recording, E-mail, internet, intranet, facsimile or otherwise, and all written communications.

(c)    The words "and" as well as "or" as used in theses Interrogatories shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Interrogatories any information which might otherwise be considered to be outside of their scope.

(d)    With respect to each and every document referred to in these Interrogatories that was, but is no longer in your possession or subject to your control:

(1)    Describe the nature of the document;
(2)    State the date of the document;
(3)    identify the persons who sent and received the original and/or a copy of the document;
(4)    State in as much detail as possible the contents of the document; and
(5)    State the manner and date of disposition of the document.

(e)    If you contend that you are entitled to withhold from production any or all of the information or documents identified herein on the basis of the attorney-client privilege, the work-product doctrine, or any other ground, then with respect to all such information or documents:

(1)    Describe the nature of the information/document;
(2)    State the date of the information/document;
(3)    identify the persons who sent and received the original and a copy of the document    or    who    communicated    the information;
(4)    State the subject matter of the information/document; and
(5)    State the basis upon which you contend you are entitled to withhold the information/document from production.

(f)    The term "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments and other units therein, and shall include, but not be limited to, a public or private

corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission or department.

(g)    The words "regarding," "refer(ing)" or "relate(ing)"as used herein shall mean having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, associated with, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, identifying, discussing or establishing a logical or causal connection to the subject matter of the Interrogatory.

(h)    As used herein when referring to a natural person, "identify" or "identity" shall mean to state the person's full name, telephone number, title, present or last known residence address and present or last known employer and business address.

(i)    As used herein, when referring to an entity, other than a natural person, "identify" or "identity" shall mean to state the entity's full name and any trade names, the location of its principal place of business and its telephone number.

(j)    As used herein, when referring to a document, "identify" shall mean to state the type of document, together with its title or subject matter, the date of the document, the identity of its author, sender and every recipient of such document or a copy thereof, and the present location of such document and every copy thereof; when the document is a written agreement or contract, it shall also mean to state the date such written agreement or contract was entered into and its effective date, the name of each party thereto, the identity of each person who signed such agreement on behalf of each party thereto, the date of termination and the date of every amendment or modification thereto.

(k)    As used herein, the term 'hybrid fact/expert witness' shall mean those witnesses who posses personal knowledge of information regarding the subject matter of the Complaint and who will also be rendering opinions.

(l)    As used herein, "You," "Your," or "Federal" shall mean Federal Insurance Company, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(m)    As used herein, "Hunt" shall mean Hunt Construction Group, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

3

(n)    As used herein, "P&K" shall mean The Poole and Kent Corporation, its predecessors and/or successors in interest, and its agents, servants, attorneys and representatives.

(o)    As used herein, "Owner" shall refer to 1000 K LLC, its predecessors and/or successors in interest, and its agents, servants, attorneys and representatives.

(p)    As used herein, the "Project" shall refer to the construction of a new Embassy Suites Hotel, located at 1000 K Street NW, Washington, D.C.

(q)    As used herein, the "Complaint" shall refer to the Complaint filed by Hunt in the United States District Court for the District of Columbia, case no. 1:06cv1850, and any subsequent amendment thereto.

(r)    As used herein, "3rd Party Complaint" shall refer to the 3rd Party Complaint filed by P&K against Federal in the United States District Court for the District of Columbia, case no. 1:06cv1850, and any subsequent amendment thereto.

(s)    As used herein, the "Sureties" shall refer to Federal, United States Fidelity and Guaranty Company, Zurich American Insurance Company, and Fidelity and Deposit Company of Maryland, their predecessors and/or successors in interest, and their agents, servants, attorneys and representatives.

(t)    As used herein, "Payment Bond" shall refer to payment bond no. 400TC1083-03/08724382/8193-46-61, issued by the Sureties on behalf of Hunt and in favor of the Owner for the Project.

(u)    As used herein, "Performance Bond" shall refer to performance bond no. 400TC1083-03/08724382/8193-46-61, issued by the Sureties on behalf of Hunt and in favor of the Owner for the Project.

## Instructions

(1) Unless otherwise specified, the time period to which these Interrogatories relates is the time period referred to in the Pleadings or such other time period to which the facts and circumstances would be applicable.

(2) Where knowledge or information of a party is requested, such request includes knowledge of the party's agents, representatives and, unless privileged, their attorneys.

(3) These Interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

(4) Whenever appropriate in these Interrogatories, the singular form of a word shall also be interpreted as it's plural.

## Interrogatories

<u>Interrogatory No. 1</u>:        Identify all persons whom you expect to call as expert witnesses at trial, including all hybrid fact/expert witnesses, and for each such expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion and attach to your Answers any written report made by the expert concerning those findings and opinions as well as a copy of the expert's curriculum vitae.

<u>Interrogatory No. 2</u>:        If you contend that P&K has made any admissions against interest, state the substance of any such admission and include in your response the date, time and place any such admission(s) was made and the identity of any persons present when the alleged admission(s) was made.

<u>Interrogatory No. 3</u>:        Identify all persons who have personal knowledge of the facts referring, relating, or pertaining to this litigation, including a brief summary of those facts as to which each individual possesses personal knowledge and contact information for each individual.

<u>Interrogatory No. 4</u>:    Identify all claims made upon the Payment Bond you issued on behalf of Hunt for the Project, including in your answer, the individual or entity that made the claim, the amount of the claim, the date the claim was received, any action taken on the claim, and Hunt's response to the claim.

<u>Interrogatory No. 5</u>:    Identify any demands made by the Owner of the Project pursuant to the terms of the Performance Bond you issued on behalf of Hunt for the Project.

<u>Interrogatory No. 6</u>:    Describe in detail the investigation you conducted upon the receipt of the payment bond claim notice from P&K, including in your answer, the date you received said claim, the person in charge of the investigation, any correspondence regarding the investigation, and the results of the investigation.

<u>Interrogatory No. 7</u>:    Identify any meetings held among Hunt, the Owner, the Sureties and/or any other third party regarding the Project.

<u>Interrogatory No. 8</u>:    Identify the first time you were notified of any delay to the date of substantial completion for the Project, including in your answer, the date you were notified of any such delay, how you were notified of such delay (phone call, letter, etc...), who notified you, and the reason given for such delay.

<u>Interrogatory No. 9</u>:    If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, set forth all facts to support your contention.

6

<u>Interrogatory No. 10</u>:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by waiver.

<u>Interrogatory No. 11</u>:    Set forth the basis for your affirmative defense that the USF&G is entitled, by way of set-off, recoupment or otherwise, to recover all moneys and/or costs incurred by their principal, Hunt, due to P&K's acts and omissions.

<u>Interrogatory No. 12</u>:    Set forth the basis for your affirmative defense that P&K's claims are, in whole or in part, time-barred.

<u>Interrogatory No. 13</u>:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by the terms and conditions of its subcontract with the Sureties' principal, Hunt.

<u>Interrogatory No. 14</u>:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by the terms and conditions of the payment bond.

<u>Interrogatory No. 15</u>:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, because it has failed to satisfy the requirements of the District of Columbia's Little Miller Act.

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street

Baltimore, Maryland 21202-1626
(410) 347-8700


Of Counsel:
Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Defendant and Third
Party Plaintiff,
THE POOLE AND KENT
CORPORATION

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __10th__ day of February, 2007, a

copy of the foregoing Interrogatories was served via first-class mail to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid Brown Raysman Steiner LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
*Attorneys for Hunt Construction Group*

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Phone: 202-719-8212
Fax: 202-719-8312
*Attorney for Federal Insurance Company and United States Fidelity and Guaranty Company*

_____
Nichole M. Velasquez

*1722594*

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUNT CONSTRUCTION GROUP, INC.    *

    Plaintiff/Counter-Defendant    *

v.    *  Civil Court Action No:    1:06CV1850
                     Judge: James Robertson

THE POOLE AND KENT    *
CORPORATION

    Defendant/ Third-Party Plaintiff    *

  *    *    *    *    *    *        *    *    *    *    *

## REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant/ Third-Party Plaintiff The Poole and Kent Corporation ("P&K"), by

its undersigned counsel, hereby submits its Request for Production of Documents to

Third-Party Defendant Federal Insurance Company ("Federal").

### Definitions

(a) As used herein, "person" shall include any natural person, proprietorship, partnership, firm, group, association, corporation, governmental agency or other legal or business entity.

(b) As used herein, "document" shall include, without limitation, the original or any non-identical copy, whether different from the original because of handwritten notes, or marking on the copy, or otherwise, regardless of origin or location, of any written, typed, printed or graphic matter, however produced or reproduced, and data stored in computers or on computer disks, and other data compilations from which information can be obtained, and/or translated, electrical or magnetic sound or video recordings, film or photographic prints, and any other writings or recordings of every kind and description, including, but not limited to, papers, letters, correspondence, agreements, contracts, telegrams, notes, electronic mail, notations, memoranda, including memoranda of conversations or meetings, notebooks, reports, articles, books, tables, charts, graphs, blueprints, specifications, change-orders, consultant reports, bids, solicitations, performance standards, contracts, subcontracts, drawings, lists, surveys, diaries, diary entries, facsimiles, specimen, models, schedules, accounts, ledgers, audits,

indices, and drafts, revisions or amendments of any of the above, and, generally, any kind of tangible, permanent records which are now, or formerly were, in the possession, custody or control of the defendant, or which were known by the defendant to exist, and which can be located or discovered by reasonably diligent efforts.

(c) As used herein, "refer" or "relate" shall mean constitute, comprise, contain, set forth, evidence, show, disclose, describe, explain, summarize or otherwise refer or relate to, either directly or indirectly.

(d) "Relationship" has the following meanings:

(1)   a business relationship;
(2)   a business affiliation; and
(3)   a course of dealings.

(e) As used herein, "You," "Your," or "Federal" shall mean Federal Insurance Company, its predecessors and/or successors in interest, and its agents, servants, employees, attorneys and representatives.

(f) As used herein, "P&K" shall mean The Poole and Kent Corporation, its predecessors and/or successors in interest, and its agents, servants, attorneys and representatives.

(g) As used herein, "Hunt" shall mean Hunt Construction Group, its predecessors and/or successors in interest, and its agents, servants, attorneys and representatives.

(h) As used herein, "Owner" shall refer to 1000 K LLC, its predecessors and/or successors in interest, and its agents, servants, attorneys and representatives.

(i) As used herein, the "Project" shall refer to the construction of a new Embassy Suites Hotel, located at 1000 K Street NW, Washington, D.C.

(j) As used herein, the "Complaint" shall refer to the Complaint filed by Hunt in the United States District Court for the District of Columbia, case no. 1:06cv1850, and any subsequent amendment thereto.

(k) As used herein, "3rd Party Complaint" shall refer to the 3rd Party Complaint filed by P&K against Federal in the United States District Court for the District of Columbia, case no. 1:06cv1850, and any subsequent amendment thereto.

(l) As used herein, "Answer" shall refer to Federal's answer to the 3rd Party Complaint filed by P&K in the United States District Court for the District of Columbia, case no. 1:06cv1850, and any subsequent amendment thereto.

(m)    As used herein, the "Sureties" shall refer to Federal, United States Fidelity and Guaranty Company, Zurich American Insurance Company, and Fidelity and Deposit Company of Maryland, their predecessors and/or successors in interest, and their agents, servants, attorneys and representatives.

(n) As used herein, "Payment Bond" shall refer to payment bond no. 400TC1083-03/08724382/8193-46-61, issued by the Sureties on behalf of Hunt for the Project.

(o) As used herein, "Performance Bond" shall refer to performance bond no. 400TC1083-03/08724382/8193-46-61, issued by the Sureties on behalf of Hunt for the Project.

## Instructions

(1) In producing the requested documents, you are requested to furnish all information in your possession, custody or control, including all information in the possession, custody or control of anyone acting in cooperation or in concert with you or on your behalf, including experts consulted or retained by you.

(2) If you cannot produce the documents requested in full, after exercising due diligence to secure the information, you shall indicate which of the requests you cannot respond to in full, and shall respond to each of those requests to the extent possible, specifying any inability to respond and provide whatever information is available to you at present.

(3) In the event that any document requested herein has been destroyed, please specify the date of destruction, manner of destruction, the reason for destruction, and the person authorizing destruction, the person destroying the document, and the custodian of the document on the date and at the time of destruction.

(4) References to the singular shall include the plural, and references to the plural shall include the singular.

(5) If any Request is objected to as inquiring into privileged matter, set forth fully in the objection the facts upon which you base your objection.

(6) If any document is withheld or not identified under claim of privilege, furnish a list identifying each such document for which a privilege is claimed, including

the following information: Date, identity of author, sender and each addressee of each such document, type of document (e.g., memorandum, note, letter, etc.), present location and identity of person in possession, custody or control of each document and identity of each person to whom a copy was furnished, together with the subject matter of each such document and the basis on which the asserted privilege is claimed.

(7) In accordance with the applicable Federal Rules, the documents shall be produced as they are kept in the usual course of business or you shall organize and label them to correspond with the categories and the requests. If the documents are produced in electronic format, they shall be produced in their native format and include all metadata.

(8) If in responding to this request you encounter any ambiguity in construing any request, instruction or definition, set forth the matter deemed ambiguous and the construction used in responding.

## Requests

Request No. 1:    All documents which serve as a basis for any affirmative defense set forth in your Answer to P&K's 3rd Party Complaint.

Request No. 2:    All documents which support any defense you intend to assert in this matter.

Request No. 3:    All documents which you intend to introduce as exhibits during the trial of this matter.

Request No. 4:    All documents supporting any denial asserted in your Answer.

Request No. 5:    All documents generated by, relied upon, reviewed by, or shown to any individual you plan to call as an expert witness to testify in this case, including any written report made by such expert witness, in connection with the opinions to which the expert is expected to testify.

- 4 -

Request No. 6:      If you contend that any party has made any admissions regarding the claims and/or defenses asserted in the litigation, provide all documents that support your contention.

Request No. 7:      If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, produce all documents that support your contention.

Request No. 8:      All documents received from Hunt or any third party relating or referring to the Payment Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

Request No. 9:      All documents received from any third party relating or referring to the Performance Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

Request No. 10:      All documents constituting or relating to any correspondence or communications between you and Hunt related to the Project.

Request No. 11:      All documents constituting or relating to any correspondence or communications between you and the Owner relating to the Project.

Request No. 12:      All documents constituting or relating to any correspondence or communications among the Sureties related to the Project.

Request No. 13:      All documents constituting or relating to any correspondence or communications between you and any other third party that relate to the Project.

Request No. 14:      All documents generated by you in the course of any investigation into any Payment Bond claim.

- 5 -

<u>Request No. 15</u>:    All documents generated during any visit to the Project jobsite or as a result of any visit to the Project.

<u>Request No. 16</u>:    All documents referring or relating to any meeting held amongst you and any third party related to the Project, including any meetings with Hunt, the Owner, the Sureties, architects, consultants, subcontractors, and/or engineers.

<u>Request No. 17</u>:    All internal memoranda, emails, correspondence, or other documents related to the Project.

<u>Request No. 18</u>:    All documents related to any delay on the Project.

<u>Request No. 19</u>:    All documents which constitute your entire claim file regarding the Project.

<u>Request No. 20</u>:    All non-privileged documents in your possession, custody, or control related to the Project.

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Of Counsel:
Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Attorneys for Defendant and Third
Party Plaintiff, THE POOLE AND
KENT CORPORATION

- 6 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___ day of February, 2007, a copy of

the foregoing Request for Production of Documents was served via first-class mail to:

> David T. Dekker, Esquire
> Jeffrey R. Gans, Esquire
> Michael S. McNamara, Esquire
> Thelen Reid Brown Raysman Steiner LLP
> 701 Eighth Street, N.W.
> Washington, D.C. 20001
> *Attorneys for Hunt Construction Group*
>
> Donna M. Crowe
> Bradley Arant Rose & White LLP
> 1133 Connecticut Avenue, N.W., 12th Floor
> Washington D.C. 20036
> Phone:  202-719-8212
> Fax:  202-719-8312
> *Attorneys for Federal Insurance Company and United States Fidelity and Guaranty Company*

_____

Nichole M. Velasquez

*1721768*

RECEIVED

APR 10 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WHITEFORD, TAYLOR & PRESTON

HUNT CONSTRUCTION GROUP, INC.          *

    Plaintiff/Counter-Defendant          *

v.                                                         *   Civil Court Action No:   1:06CV1850
                                                               Judge: James Robertson

THE POOLE AND KENT                        *
CORPORATION

    Defendant/ Third-Party Plaintiff     *

   *    *    *    *    *    *    *    *    *    *    *

## RESPONSES TO INTERROGATORIES

Third-Party Defendant Federal Insurance Company ("Federal") by its
undersigned counsel, hereby submits its Answers to the Interrogatories served
by Defendant/ Third-Party Plaintiff, The Poole and Kent Corporation ("P&K").

### GENERAL OBJECTIONS

Federal asserts the following General Objections which are incorporated
by reference into each of its Specific Objections:

    1.     Federal objects to each and every Interrogatory to the extent that it
calls for the production of information that is protected by the attorney/client
privilege, the joint defense privilege, the work product doctrine, or any other
applicable privilege or immunity. Federal reserves the right to demand return of
and/or object to the introduction into evidence of any such privileged
document(s) or information that has been disclosed or produced inadvertently,



EXHIBIT

2

ALL-STATE LEGAL

and any such inadvertent disclosure or production is without waiver of any claim of privilege, immunity or work product.

2.      Federal objects to each and every Interrogatory to the extent that it, whether standing alone or taken in conjunction with any other request(s), is vague, overbroad, confusing, misleading or repetitive or is calculated, or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Federal, or would be unduly vexatious or unduly burdensome to respond to, on the ground that it exceeds the permissible scope of discovery available under the FEDERAL RULES OF CIVIL PROCEDURE or the Local Rules of this Court.

3.      Federal objects to each and every Interrogatory to the extent it attempts to impose obligations on Federal that do not exist under the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of this Court, or otherwise at law.

4.      Federal objects to each and every Interrogatory on grounds that discovery is still continuing and Federal has not completed its factual investigation. Without asserting an obligation to do so, and without waiving the objections asserted herein, Federal reserves the right to amend and/or supplement its objections and responsesas and when additional documents or information are discovered.    Because Federal's objections are based on information and documents it has received to date, Federal's objections do not preclude Federal from relying on subsequent investigation and evaluation.

5.      Federal objects to and will not be bound by the Definitions or Instructions contained in the Interrogatories to the extent that either purports to

impose on Federal vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the FEDERAL RULES OF CIVIL PROCEDURE or the Local Rules of this Court.

6.    Federal objects to each and every Interrogatory to the extent that it is neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses of any party.

7.    Federal objects to each and every Interrogatory as unduly burdensome and harassing to the extent it seeks information already in the possession, control or custody of P&K and/or its agents, or is otherwise equally available to P&K.

8.    Federal objects to each and every Interrogatory to the extent it seeks information available in public records, as such public records are as easily accessible to P&K as Federal.

9.    Federal objects to each and every Interrogatory to the extent it calls for the production of documents not in Federal's possession, custody, or control.

10.    Federal's objections and responses to the Interrogatories are not and shall not be construed as an admission by Federal that any such information or documents or category of information or documents exists.

11.    Federal's objections and responses herein are made without waiver of:

a.    All objections as to competency, relevancy, materiality, privilege and admissibility of each response and the subject

matter thereof as evidence for any purpose in any further proceeding in this action;

b.     The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceeding in this action; and

c.     The right at any time to revise, correct, supplement or clarify any of the responses contained herein.

12.     Insofar as any of P&K's Interrogatories seek information to which the foregoing General Objections or reservations apply, specification of or failure to note any such General Objections below is not a waiver of those or other General Objections or reservations with respect to any of the Interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

Interrogatory No. 1:     Identify all persons whom you expect to call as expert witnesses at trial, including all hybrid fact/expert witnesses, and for each such expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion and attach to your Answers any written report made by the expert concerning those findings and opinions as well as a copy of the expert's curriculum vitae.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. In addition, Federal objects to this Interrogatory on the grounds that it seeks disclosure of expert information prior to the time required by the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of this Court, or any applicable scheduling order.

Interrogatory No. 2:    If you contend that P&K has made any admissions against interest, state the substance of any such admission and include in your response the date, time and place any such admission(s) was made and the identity of any persons present when the alleged admission(s) was made.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial

conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad.

Interrogatory No. 3:    Identify all persons who have personal knowledge of the facts referring, relating, or pertaining to this litigation, including a brief summary of those facts as to which each individual possesses personal knowledge and contact information for each individual.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Subject to and without waiver of the foregoing objections, Federal identifies Vincent C. Miseo, Surety Claims Attorney, Federal Insurance Company, 15 Mountain View Road, Warren, NJ 07059.

Interrogatory No. 4:        Identify all claims made upon the Payment Bond you issued on behalf of Hunt for the Project, including in your answer, the individual or entity that made the claim, the amount of the claim, the date the claim was received, any action taken on the claim, and Hunt's response to the claim.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal also objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 5:        Identify any demands made by the Owner of the Project pursuant to the terms of the Performance Bond you issued on behalf of Hunt for the Project.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and

without waiver of the foregoing objections, Federal is not aware of any such demands to date.

Interrogatory No. 6:    Describe in detail the investigation you conducted upon the receipt of the payment bond claim notice from P&K, including in your answer, the date you received said claim, the person in charge of the investigation, any correspondence regarding the investigation, and the results of the investigation.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal also objects to this Interrogatory on grounds that it is vague and ambiguous. Federal further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced, Federal is still in the process of investigating the allegations in P&K's complaint, and information potentially responsive to this Interrogatory may not be currently available. Subject to and without waiver of the foregoing objections, Federal states that it first received notice of P&K's payment bond claim when it was served with the summons and complaint.

Interrogatory No. 7:    Identify any meetings held among Hunt, the Owner, the Sureties and/or any other third party regarding the Project.

5/6287.1                                    8

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Federal is not aware of any such meetings.

Interrogatory No. 8:    Identify the first time you were notified of any delay to the date of substantial completion for the Project, including in your answer, the date you were notified of any such delay, how you were notified of such delay (phone call, letter, etc...), who notified you, and the reason given for such delay.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced, Federal is still in the process of investigating the allegations in P&K's complaint, and information potentially responsive to this Interrogatory may not be currently available. Subject to and without waiver of the foregoing objections, Federal states that it

first received notice of P&K's allegation of a delay to the date of substantial completion for the Project when it was served with the instant Interrogatories.

Interrogatory No. 9:    If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, set forth all facts to support your contention.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections.    Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 10:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by waiver.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 11: Set forth the basis for your affirmative defense that the USF&G is entitled, by way of set-off, recoupment or otherwise, to recover all moneys and/or costs incurred by their principal, Hunt, due to P&K's acts and omissions.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory as a contention

interrogatory which need not be answered until the close of discovery. *See, e.g.,*
*Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997)
(citations omitted) (while contention interrogatories are permitted under the FED.
R. CIV. P., "the court may order that such an interrogatory need not be answered
until after designated discovery has been completed or until a pre-trial
conference or other later time"). In addition, Federal objects to this Interrogatory
on grounds that discovery has just commenced and is still continuing and
Federal has not completed its factual investigation. Federal also objects to this
Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal
further objects to this Interrogatory to the extent that it seeks information
protected by the attorney-client privilege, the joint defense privilege, the work
product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 12:    Set forth the basis for your affirmative defense that
P&K's claims are, in whole or in part, time-barred.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General
Objections. Federal further objects to this Interrogatory as a contention
interrogatory which need not be answered until the close of discovery. *See, e.g.,*
*Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997)
(citations omitted) (while contention interrogatories are permitted under the FED.
R. CIV. P., "the court may order that such an interrogatory need not be answered
until after designated discovery has been completed or until a pre-trial

conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 13:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by the terms and conditions of its subcontract with the Sureties' principal, Hunt.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections. Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal

further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 14:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by the terms and conditions of the payment bond.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections.    Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g.,* *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 15:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, because it has failed to satisfy the requirements of the District of Columbia's Little Miller Act.

ANSWER:

Federal objects to this Interrogatory for the reasons set forth in its General Objections.    Federal further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time").    In addition, Federal objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation.    Federal also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad.    Federal further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Dated: April _6_, 2007

5/6287.1                                          15

Donna M. Crowe (#481946)
Robert J. Symon (#436245)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Phone: 202-719-8212
Fax: 202-719-8312
*Attorneys for Federal Insurance Company and United
States Fidelity and Guaranty Company*

5/6287.1                         16

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of April, 2007, a copy of

the foregoing Responses to Interrogatories was served via first-class mail to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid Brown Raysman Steiner LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
*Attorneys for HUNT CONSTRUCTION GROUP*

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendant and Third Party Plaintiff,*
*THE POOLE AND KENT CORPORATION*

Donna M. Crowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 1 9 2007

WHITEFORD, TAYLOR & PRESTON

HUNT CONSTRUCTION GROUP, INC.    *

    Plaintiff/Counter-Defendant    *

v.    *    Civil Court Action No:    1:06CV1850
                   Judge: James Robertson

THE POOLE AND KENT    *
CORPORATION

    Defendant/ Third-Party Plaintiff    *

  *    *    *    *    *    *    *    *    *    *    *

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Third-Party Defendant Federal Insurance Company ("Federal") by its undersigned counsel, hereby submits its Responses to the Request for Production of Documents served by Defendant/ Third-Party Plaintiff The Poole and Kent Corporation ("P&K").

## GENERAL OBJECTIONS

Federal asserts the following General Objections which are incorporated by reference in its Specific Objections to each and every paragraph of the Requests:

1.     Federal objects to each and every request for production to the extent that it calls for the production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

2.     Federal objects to each and every request for production to the extent that it, whether standing alone or taken in conjunction with any other request(s), is vague,

EXHIBIT

3

ALL-STATE LEGAL

overbroad, confusing, misleading or repetitive or is calculated, or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to Federal, or would be unduly vexatious or unduly burdensome to respond to, on the ground that it exceeds the permissible scope of discovery available under the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      Federal objects to each and every request for production to the extent it attempts to impose obligations on Federal that do not exist under the Federal Rules of Civil Procedure, the Local Rules of this Court, or otherwise at law.

4.      Federal objects to each and every request for production on grounds that discovery is still continuing and Federal has not completed its factual investigation. Without asserting an obligation to do so, and without waiving the objections asserted herein, Federal reserves the right to amend and/or supplement its objections as and when additional documents and information are discovered.    Because Federal's objections are based on information and documents it has received to date, Federal's objections do not preclude Federal from relying on subsequent investigation and evaluation.

5.      Federal objects to and will not be bound by the Definitions contained in the Requests to the extent that those Definitions purport to impose on Federal vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

6.    Federal objects to each and every request for production to the extent that it is neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses of any party.

7.    Federal objects to each and every request for production as unduly burdensome and harassing to the extent it seeks information already in the possession, control or custody of P&K and/or its agents, or is otherwise equally available to P&K.

8.    Federal objects to each and every request for production to the extent it seeks information available in public records, as such public records are as easily accessible to P&K as Federal.

9.    Federal objects to each and every request for production to the extent it calls for the production of documents not in Federal's possession, custody or control.

10.    Federal's objections to the Requests are not and shall not be construed as an admission by Federal that any such information or documents or category of information or documents exists.

11.    Federal's objections herein are made without waiver of:

    a.    All objections as to competency, relevancy, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this action;

    b.    The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceeding in this action; and

- 3 -

      c.    The right at any time to revise, correct, supplement or clarify any of the responses contained herein.

12.    Federal objects to each of the Requests to the extent it seeks production of electronic information that would be unreasonably or unfairly burdensome or costly to Federal to produce. Without limiting the generality of the foregoing objections, Federal objects to each request for electronic information to the extent, that (a) the request is not specifically tailored to discover relevant information, (b) the electronic information requested is available from some other more convenient, less burdensome or inexpensive source(s), and (c) the burden and expense of production of the electronic information outweighs its likely benefit, taking into consideration the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation and of the discovery sought to the resolution of the issues.

13.    Insofar as any of P&K's Requests seeks information to which the foregoing general objections or reservations apply, specification of or failure to note general objections is not a waiver of those or other general objections or reservations with respect to any of the requests.

14.    Federal's objections herein are made without waiver of the right to provide responses to the Requests at a later date, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

## RESPONSES AND SPECIFIC OBJECTIONS

<u>Request No. 1</u>:          All documents which serve as a basis for any affirmative defense

set forth in your Answer to P&K's 3rd Party Complaint.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections.

In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and

overly broad.   Federal further objects to this Request to the extent that it seeks

production of information that is protected by the attorney/client privilege, the joint

defense privilege, the work product doctrine, or any other applicable privilege or

immunity.  Federal further objects to this Request to the extent it seeks production of

electronic information that is not reasonably accessible to or would be unreasonably or

unfairly burdensome or costly to Federal to produce; Federal further objects to the

requested form or forms for producing electronic information.  Federal also objects to

this Request on grounds that discovery is still continuing and Federal has not

completed its factual investigation and documents responsive to this Request may not

be currently available.

Subject to and without waiver of the foregoing General and Specific Objections,

to the extent that they exist, Federal will produce relevant non-privileged documents

responsive to this Request, at a mutually convenient time and place.

<u>Request No. 2</u>:          All documents which support any defense you intend to assert in

this matter.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad. Federal also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 3:    All documents which you intend to introduce as exhibits during the trial of this matter.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. Federal also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects

- 6 -

to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available. In addition, Federal objects to this request to the extent it seeks disclosure of information prior to the time required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order.

Request No. 4:        All documents supporting any denial asserted in your Answer.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not

- 7 -

completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 5:       All documents generated by, relied upon, reviewed by, or shown to any individual you plan to call as an expert witness to testify in this case, including any written report made by such expert witness, in connection with the opinions to which the expert is expected to testify.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. Federal also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available. In addition, Federal objects to this request to the extent it seeks disclosure of information prior to the

-8-

time required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order.

Request No. 6:    If you contend that any party has made any admissions regarding the claims and/or defenses asserted in the litigation, provide all documents that support your contention.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Therefore, documents responsive to this Request may not be currently available. Federal also objects to this Request on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 7:    If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, produce all documents that support your contention.

- 9 -

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that discovery has just commenced and is still continuing and Federal has not completed its factual investigation. Therefore, documents responsive to this Request may not be currently available. Federal also objects to this Request on grounds that it is vague, ambiguous, and overly broad. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

<u>Request No. 8</u>:    All documents received from Hunt or any third party relating or referring to the Payment Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of

- 10 -

information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 9:      All documents received from any third party relating or referring to the Performance Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

- 11 -

Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 10:     All documents constituting or relating to any correspondence or communications between you and Hunt related to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested

- 12 -

form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 11:    All documents constituting or relating to any correspondence or communications between you and the Owner relating to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

- 13 -

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 12:    All documents constituting or relating to any correspondence or communications among the Sureties related to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

- 14 -

5/6284.1

Request No. 13:    All documents constituting or relating to any correspondence or communications between you and any other third party that relate to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 14:    All documents generated by you in the course of any investigation into any Payment Bond claim.

- 15 -

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 15:    All documents generated during any visit to the Project jobsite or as a result of any visit to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and

- 16 -

overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 16:    All documents referring or relating to any meeting held amongst you and any third party related to the Project, including any meetings with Hunt, the Owner, the Sureties, architects, consultants, subcontractors, and/or engineers.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible

- 17 -

evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 17:    All internal memoranda, emails, correspondence, or other documents related to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

- 18 -

Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 18:    All documents related to any delay on the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request

- 19 -

on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 19:    All documents which constitute your entire claim file regarding the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 20:    All non-privileged documents in your possession, custody, or control related to the Project.

RESPONSE:

Federal objects to this Request for the reasons set forth in its General Objections. In addition, Federal objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Federal further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. Federal further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to Federal to produce; Federal further objects to the requested form or forms for producing electronic information. Federal also objects to this Request on grounds that discovery is still continuing and Federal has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, Federal will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

- 21 -

Dated:  April _6_, 2007

_____
Donna M. Crowe (#418946)
Robert J. Symon (#436245)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C.  20036
Phone:  202-719-8212
Fax:  202-719-8312
*Attorneys for Federal Insurance Company and United States
Fidelity and Guaranty Company*

- 22 -

5/6284.1

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _6th_ day of April, 2007, a copy of the

foregoing Responses to Requests for Production of Documents was served via first-class

mail to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid Brown Raysman Steiner LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
*Attorneys for HUNT CONSTRUCTION GROUP*

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendant and Third Party Plaintiff,*
*THE POOLE AND KENT CORPORATION*

Donna M. Crowe

5/6284.1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

APR 10 2007

HUNT CONSTRUCTION GROUP, INC.          *

WHITEFORD, TAYLOR & PRESTON

      Plaintiff/Counter-Defendant          *

v.                                                              *    Civil Court Action No:      1:06CV1850
                                        Judge: James Robertson

THE POOLE AND KENT                                 *
CORPORATION

      Defendant/ Third-Party Plaintiff          *

      *    *    *    *    *    *    *    *    *    *    *

### RESPONSES TO INTERROGATORIES

Third-Party Defendant United States Fidelity and Guaranty Company ("USF&G") by its undersigned counsel, hereby submits its Responses to the Interrogatories served by Defendant/ Third-Party Plaintiff, The Poole and Kent Corporation ("P&K").

### GENERAL OBJECTIONS

USF&G asserts the following General Objections which are incorporated by reference into each of its Specific Objections:

1.      USF&G objects to each and every Interrogatory to the extent that it calls for the production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G reserves the right to demand return of and/or object to the introduction into evidence of any such privileged document(s) or information that has been disclosed or produced inadvertently.

EXHIBIT
4
ALLSTATE LEGAL

and any such inadvertent disclosure or production is without waiver of any claim of privilege, immunity or work product.

2.     USF&G objects to each and every Interrogatory to the extent that it, whether standing alone or taken in conjunction with any other request(s), is vague, overbroad, confusing, misleading or repetitive or is calculated, or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to USF&G, or would be unduly vexatious or unduly burdensome to respond to, on the ground that it exceeds the permissible scope of discovery available under the FEDERAL RULES OF CIVIL PROCEDURE or the Local Rules of this Court.

3.     USF&G objects to each and every Interrogatory to the extent it attempts to impose obligations on Centex that do not exist under the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of this Court, or otherwise at law.

4.     USF&G objects to each and every Interrogatory on grounds that discovery is still continuing and USF&G has not completed its factual investigation. Without asserting an obligation to do so, and without waiving the objections asserted herein, USF&G reserves the right to amend and/or supplement its objections and responses as and when additional documents or information are discovered.    Because USF&G's objections are based on information and documents it has received to date, USF&G's objections do not preclude USF&G from relying on subsequent investigation and evaluation.

5.     USF&G objects to and will not be bound by the Definitions or Instructions contained in the Interrogatories to the extent that either purports to

impose on USF&G vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the FEDERAL RULES OF CIVIL PROCEDURE or the Local Rules of this Court.

6.    USF&G objects to each and every Interrogatory to the extent that it is neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses of any party.

7.    USF&G objects to each and every Interrogatory as unduly burdensome and harassing to the extent it seeks information already in the possession, control or custody of P&K and/or its agents, or is otherwise equally available to P&K.

8.    USF&G objects to each and every Interrogatory to the extent it seeks information available in public records, as such public records are as easily accessible to P&K as USF&G.

9.    USF&G objects to each and every Interrogatory to the extent it calls for the production of documents not in USF&G's possession, custody, or control.

10.    USF&G's objections and responses to the Interrogatories are not and shall not be construed as an admission by USF&G that any such information or documents or category of information or documents exists.

11.    USF&G's objections and responses herein are made without waiver of:

  a.    All objections as to competency, relevancy, materiality, privilege and admissibility of each response and the subject

matter thereof as evidence for any purpose in any further proceeding in this action;

b.    The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceeding in this action; and

c.    The right at any time to revise, correct, supplement or clarify any of the responses contained herein.

12.    Insofar as any of P&K's Interrogatories seek information to which the foregoing General Objections or reservations apply, specification of or failure to note any such General Objections below is not a waiver of those or other General Objections or reservations with respect to any of the Interrogatories.

## RESPONSES AND SPECIFIC OBJECTIONS

<u>Interrogatory No. 1</u>:    Identify all persons whom you expect to call as expert witnesses at trial, including all hybrid fact/expert witnesses, and for each such expert state the subject matter on which the expert is expected to testify, the substance of the findings and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion and attach to your Answers any written report made by the expert concerning those findings and opinions as well as a copy of the expert's curriculum vitae.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. In addition, USF&G objects to this Interrogatory on the grounds that it seeks disclosure of expert information prior to the time required by the FEDERAL RULES OF CIVIL PROCEDURE, the Local Rules of this Court, or any applicable scheduling order.

Interrogatory No. 2:    If you contend that P&K has made any admissions against interest, state the substance of any such admission and include in your response the date, time and place any such admission(s) was made and the identity of any persons present when the alleged admission(s) was made.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, USF&G objects to this Interrogatory

on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation.  USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad.

Interrogatory No. 3:        Identify all persons who have personal knowledge of the facts referring, relating, or pertaining to this litigation, including a brief summary of those facts as to which each individual possesses personal knowledge and contact information for each individual.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections.  In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation.  USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad.  USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.  Subject to and without waiver of the foregoing objections, USF&G identifies Nicole Crawford/Bond Claim Representative and  Thomas A. Rogers/Underwriting Director, Travelers, Bond & Financial Products, Construction Services Claims, 1 Tower Square, 2S1, Hartford, CT  06183.

Interrogatory No. 4:        Identify all claims made upon the Payment Bond you issued on behalf of Hunt for the Project, including in your answer, the individual

or entity that made the claim, the amount of the claim, the date the claim was received, any action taken on the claim, and Hunt's response to the claim.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G also objects to this Interrogatory on grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 5: Identify any demands made by the Owner of the Project pursuant to the terms of the Performance Bond you issued on behalf of Hunt for the Project.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, USF&G is not aware of any such demands to date.

Interrogatory No. 6:    Describe in detail the investigation you conducted upon the receipt of the payment bond claim notice from P&K, including in your answer, the date you received said claim, the person in charge of the investigation, any correspondence regarding the investigation, and the results of the investigation.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G also objects to this Interrogatory on grounds that it is vague and ambiguous. USF&G further objects to this Interrogatory to the extent that it seeks information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced, USF&G is still in the process of investigating the allegations in P&K's complaint, and information potentially responsive to this Interrogatory may not be currently available. Subject to and without waiver of the foregoing objections, USF&G states that it first received notice of P&K's payment bond claim when it was served with the summons and complaint.

Interrogatory No. 7:    Identify any meetings held among Hunt, the Owner, the Sureties and/or any other third party regarding the Project.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G also objects to this Interrogatory on grounds that it is vague,

ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, USF&G is not aware of any such meetings.

Interrogatory No. 8:      Identify the first time you were notified of any delay to the date of substantial completion for the Project, including in your answer, the date you were notified of any such delay, how you were notified of such delay (phone call, letter, etc...), who notified you, and the reason given for such delay.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced, USF&G is still in the process of investigating the allegations in P&K's complaint, and information potentially responsive to this Interrogatory may not be currently available. Subject to and without waiver of the foregoing objections, USF&G states that it first received notice of P&K's allegation of a delay to the date of substantial completion for the Project when it was served with the instant Interrogatories.

Interrogatory No. 9:    If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, set forth all facts to support your contention.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections.  USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time").  In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation.  USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad.  USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 10:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by waiver.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 11: Set forth the basis for your affirmative defense that the USF&G is entitled, by way of set-off, recoupment or otherwise, to recover all moneys and/or costs incurred by their principal, Hunt, due to P&K's acts and omissions.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention

interrogatory which need not be answered until the close of discovery. *See, e.g.,* *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

<u>Interrogatory No. 12</u>:    Set forth the basis for your affirmative defense that P&K's claims are, in whole or in part, time-barred.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g.,* *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial

conference or other later time"). In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 13: Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, by the terms and conditions of its subcontract with the Sureties' principal, Hunt.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. USF&G

further objects to this Interrogatory to the extent that it seeks information

protected by the attorney-client privilege, the joint defense privilege, the work

product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 14:    Set forth the basis for your affirmative defense that

P&K's claims are barred, in whole or in part, by the terms and conditions of the

payment bond.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General

Objections.  USF&G further objects to this Interrogatory as a contention

interrogatory which need not be answered until the close of discovery.  *See, e.g.,*

*Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.,* 173 F.R.D. 651, 652 n.2 (D. Md. 1997)

(citations omitted) (while contention interrogatories are permitted under the FED.

R. CIV. P., "the court may order that such an interrogatory need not be answered

until after designated discovery has been completed or until a pre-trial

conference or other later time").  In addition, USF&G objects to this Interrogatory

on grounds that discovery has just commenced and is still continuing and

USF&G has not completed its factual investigation.  USF&G also objects to this

Interrogatory on grounds that it is vague, ambiguous, and overly broad.  USF&G

further objects to this Interrogatory to the extent that it seeks information

protected by the attorney-client privilege, the joint defense privilege, the work

product doctrine, or any other applicable privilege or immunity.

Interrogatory No. 15:    Set forth the basis for your affirmative defense that P&K's claims are barred, in whole or in part, because it has failed to satisfy the requirements of the District of Columbia's Little Miller Act.

ANSWER:

USF&G objects to this Interrogatory for the reasons set forth in its General Objections. USF&G further objects to this Interrogatory as a contention interrogatory which need not be answered until the close of discovery. *See, e.g., Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651, 652 n.2 (D. Md. 1997) (citations omitted) (while contention interrogatories are permitted under the FED. R. CIV. P., "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pre-trial conference or other later time"). In addition, USF&G objects to this Interrogatory on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. USF&G also objects to this Interrogatory on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

Dated: April _6_, 2007

Donna M. Crowe (#481946)
Robert J. Symon (#436245)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C. 20036
Phone: 202-719-8212
Fax: 202-719-8312
*Attorneys for Federal Insurance Company and United
States Fidelity and Guaranty Company*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this __6th__ day of April, 2007, a copy of

the foregoing Responses to Interrogatories was served via first-class mail to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid Brown Raysman Steiner LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
*Attorneys for HUNT CONSTRUCTION GROUP*

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendant and Third Party Plaintiff,*
*THE POOLE AND KENT CORPORATION*

Donna M. Crowe

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

APR 10 2007

WHITEFORD, TAYLOR & PRESTON

HUNT CONSTRUCTION GROUP, INC.    *

    Plaintiff/Counter-Defendant    *

v.    *  Civil Court Action No:
                       1:06CV1850
THE POOLE AND KENT    *  Judge: James Robertson
CORPORATION

    Defendant/ Third-Party Plaintiff    *

    *    *    *    *    *    *    *    *    *    *    *

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

Third-Party Defendant United States Fidelity and Guaranty Company

("USF&G") by its undersigned counsel, hereby submits its Responses to the Request for

Production of Documents served by Defendant/ Third-Party Plaintiff The Poole and

Kent Corporation ("P&K").

## GENERAL OBJECTIONS

USF&G asserts the following General Objections which are incorporated by

reference in its Specific Objections to each and every paragraph of the Requests:

    1.    USF&G objects to each and every request for production to the extent that

it calls for the production of information that is protected by the attorney/client

privilege, the joint defense privilege, the work product doctrine, or any other applicable

privilege or immunity.

    2.    USF&G objects to each and every request for production to the extent that

it, whether standing alone or taken in conjunction with any other request(s), is vague,

EXHIBIT
5
ALL-STATE LEGAL

overbroad, confusing, misleading or repetitive or is calculated, or would operate to annoy, embarrass, oppress, unduly burden, or unduly cause expense to USF&G, or would be unduly vexatious or unduly burdensome to respond to, on the ground that it exceeds the permissible scope of discovery available under the Federal Rules of Civil Procedure or the Local Rules of this Court.

3.      USF&G objects to each and every request for production to the extent it attempts to impose obligations on USF&G that do not exist under the Federal Rules of Civil Procedure, the Local Rules of this Court, or otherwise at law.

4.      USF&G objects to each and every request for production on grounds that discovery is still continuing and USF&G has not completed its factual investigation. Without asserting an obligation to do so, and without waiving the objections asserted herein, USF&G reserves the right to amend and/or supplement its objections as and when additional documents and information are discovered.    Because USF&G's objections are based on information and documents it has received to date, USF&G's objections do not preclude USF&G from relying on subsequent investigation and evaluation.

5.      USF&G objects to and will not be bound by the Definitions contained in the Requests to the extent that those Definitions purport to impose on USF&G vague, ambiguous, overly broad, unduly burdensome or oppressive demands beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court.

-2-

6.     USF&G objects to each and every request for production to the extent that it is neither reasonably calculated to lead to the discovery of admissible evidence nor relevant to the claims and defenses of any party.

7.     USF&G objects to each and every request for production as unduly burdensome and harassing to the extent it seeks information already in the possession, control or custody of P&K and/or its agents, or is otherwise equally available to P&K.

8.     USF&G objects to each and every request for production to the extent it seeks information available in public records, as such public records are as easily accessible to P&K as USF&G.

9.     USF&G objects to each and every request for production to the extent it calls for the production of documents not in USF&G's possession, custody or control.

10.     USF&G's objections to the Requests are not and shall not be construed as an admission by USF&G that any such information or documents or category of information or documents exists.

11.     USF&G's objections herein are made without waiver of:

a.     All objections as to competency, relevancy, materiality, privilege and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceeding in this action;

b.     The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceeding in this action; and

-3-

   c.  The right at any time to revise, correct, supplement or clarify any of the responses contained herein.

12. USF&G objects to each of the Requests to the extent it seeks production of electronic information that would be unreasonably or unfairly burdensome or costly to USF&G to produce. Without limiting the generality of the foregoing objections, USF&G objects to each request for electronic information to the extent, that (a) the request is not specifically tailored to discover relevant information, (b) the electronic information requested is available from some other more convenient, less burdensome or inexpensive source(s), and (c) the burden and expense of production of the electronic information outweighs its likely benefit, taking into consideration the needs of the case, the amount in controversy, the resources of the parties, the importance of the issues at stake in the litigation and of the discovery sought to the resolution of the issues.

13. Insofar as any of P&K's Requests seeks information to which the foregoing general objections or reservations apply, specification of or failure to note general objections is not a waiver of those or other general objections or reservations with respect to any of the requests.

14. USF&G's objections herein are made without waiver of the right to provide responses to the Requests at a later date, pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court.

-4-

## RESPONSES AND SPECIFIC OBJECTIONS

Request No. 1:    All documents which serve as a basis for any affirmative defense set forth in your Answer to P&K's 3rd Party Complaint.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad.   USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.  USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information.  .  USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 2:    All documents which support any defense you intend to assert in this matter.

- 5 -

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad. USF&G also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 3:    All documents which you intend to introduce as exhibits during the trial of this matter.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. USF&G also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further

- 6 -

objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available. In addition, USF&G objects to this request to the extent it seeks disclosure of information prior to the time required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order.

Request No. 4:    All documents supporting any denial asserted in your Answer.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not

- 7 -

completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 5:    All documents generated by, relied upon, reviewed by, or shown to any individual you plan to call as an expert witness to testify in this case, including any written report made by such expert witness, in connection with the opinions to which the expert is expected to testify.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. USF&G also objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.  USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information.  USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.  In addition, USF&G objects to this request to the extent it seeks disclosure of information prior to

- 8 -

the time required by the Federal Rules of Civil Procedure, the Local Rules, or any applicable scheduling order.

Request No. 6:       If you contend that any party has made any admissions regarding the claims and/or defenses asserted in the litigation, provide all documents that support your contention.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. Therefore, documents responsive to this Request may not be currently available. USF&G also objects to this Request on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 7:       If you contend that you are not obligated to pay P&K under the terms of the Payment Bond, produce all documents that support your contention.

- 9 -

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that discovery has just commenced and is still continuing and USF&G has not completed its factual investigation. Therefore, documents responsive to this Request may not be currently available. USF&G also objects to this Request on grounds that it is vague, ambiguous, and overly broad. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 8:    All documents received from Hunt or any third party relating or referring to the Payment Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production

- 10 -

of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 9:    All documents received from any third party relating or referring to the Performance Bond you issued on behalf of Hunt for the Project, including all notices, claims, demands, correspondence, and/or communications.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

- 11 -

USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 10:      All documents constituting or relating to any correspondence or communications between you and Hunt related to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested

- 12 -

form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 11:    All documents constituting or relating to any correspondence or communications between you and the Owner relating to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

- 13 -

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 12:    All documents constituting or relating to any correspondence or communications among the Sureties related to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

- 14 -

Request No. 13:    All documents constituting or relating to any correspondence or communications between you and any other third party that relate to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 14:    All documents generated by you in the course of any investigation into any Payment Bond claim.

- 15 -

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 15:     All documents generated during any visit to the Project jobsite or as a result of any visit to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and

- 16 -

overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 16:    All documents referring or relating to any meeting held amongst you and any third party related to the Project, including any meetings with Hunt, the Owner, the Sureties, architects, consultants, subcontractors, and/or engineers.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible

- 17 -

evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 17:    All internal memoranda, emails, correspondence, or other documents related to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity.

- 18 -

USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 18:    All documents related to any delay on the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request

- 19 -

on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 19:    All documents which constitute your entire claim file regarding the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

Request No. 20:    All non-privileged documents in your possession, custody, or control related to the Project.

RESPONSE:

USF&G objects to this Request for the reasons set forth in its General Objections. In addition, USF&G objects to this Request on grounds that it is vague, ambiguous, and overly broad, and seeks information that is not relevant to the claims or defenses of any of the parties, and not reasonably calculated to lead to the discovery of admissible evidence. USF&G further objects to this Request to the extent that it seeks production of information that is protected by the attorney/client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity. USF&G further objects to this Request to the extent it seeks production of electronic information that is not reasonably accessible to or would be unreasonably or unfairly burdensome or costly to USF&G to produce; USF&G further objects to the requested form or forms for producing electronic information. USF&G also objects to this Request on grounds that discovery is still continuing and USF&G has not completed its factual investigation and documents responsive to this Request may not be currently available.

Subject to and without waiver of the foregoing General and Specific Objections, to the extent that they exist, USF&G will produce relevant non-privileged documents responsive to this Request, at a mutually convenient time and place.

- 21 -

Dated:  April __6__, 2007


_____

Donna M. Crowe (#481946)
Robert J. Symon (#436245)
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C.  20036
Phone:  202-719-8212
Fax:  202-719-8312
*Attorneys for Federal Insurance Company and United States*
*Fidelity and Guaranty Company*

- 22 -

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __6th__ day of April, 2007, a copy of the

foregoing Responses to Requests for Production of Documents was served via first-class

mail to:

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid Brown Raysman Steiner LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
*Attorneys for HUNT CONSTRUCTION GROUP*

Robert F. Carney (#436999)
Nichole M. Velasquez (#495315)
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

Michael A. Stover
Whiteford, Taylor & Preston L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
(410) 347-8700

*Attorneys for Defendant and Third Party Plaintiff,*
*THE POOLE AND KENT CORPORATION*

Donna M. Crowe

WHITEFORD, TAYLOR & PRESTON L.L.P.

SUITE 400
210 WEST PENNSYLVANIA AVENUE
TOWSON, MARYLAND 21204-4515
TELEPHONE  410 832-2000
FAX  410 832-2015
----------

50 CORPORATE CENTER
10500 LITTLE PATUXENT PARKWAY
SUITE 750
COLUMBIA, MARYLAND 21044-3585
TELEPHONE  410 884-0700
FAX  410 884-0719
----------

NICHOLE M. VELASQUEZ
DIRECT NUMBER
410 347-9426
NVelasquez@wtplaw.com

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND  21202-1626
410 347-8700
DIRECT FAX  410 234-2362
www.wtplaw.com

1025 CONNECTICUT AVENUE, NW
SUITE 400
WASHINGTON, D.C.  20036-5405
TELEPHONE  202 659-6800
FAX  202 331-0573
----------

115 ORONOCO STREET
ALEXANDRIA, VIRGINIA  22314-1585
TELEPHONE  703 836-5742
FAX  703 856-3558
----------

May 3, 2007

Donna M. Crowe, Esquire
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, NW
12th Floor
Washington, D.C. 20036

Re:    *Hunt Construction Group, Inc. v. The Poole and Kent Corporation, et al.*
       **Case no. 1:06cv1850**
       **In the District Court for the District of Columbia**
       **Our file no. 8716.42**

Dear Ms. Crowe:

This letter is in response to Federal Insurance Company ("Federal") and the United States Fidelity and Guarantee Company's ("USF&G") (collectively, the "Sureties") responses to The Poole and Kent Corporation's ("P&K") Interrogatories and Document Requests (the "discovery requests"). Because the discovery requests were the same to both Sureties, and the responses almost identical thereto, for the purposes of this letter I will refer to both Sureties' responses together. The Sureties' objections are improper and in violation of the Federal Rules of Civil Procedure. If proper responses are not provided within seven days of the date of this letter, P&K will move to compel.

The Sureties refused to answer interrogatory nos. 2, 9, 10, 11, 12, 13, 14, and 15 because it defined them as "contention interrogatories" and therefore stated that they "need not be answered until the close of discovery." This objection is an incorrect assertion of Federal Rule 33(c) and an incorrect interpretation of *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651 (D. Md. 1997). Federal Rule 33(c) states (in relevant parts):

EXHIBIT
6
ALL-STATE LEGAL®

Donna M. Crowe, Esqui.
May 3, 2007
Page 2

> An interrogatory otherwise proper is not necessarily objectionable merely because an
> answer to the interrogatory involves an opinion or contention that relates to fact or the
> application of law to fact, but *the court may order* that such an interrogatory need not be
> answered until after designated discovery has been completed or until a pre-trial
> conference or other later time. (Emphasis added.)

This rule clearly states that an interrogatory is not objectionable because it seeks an opinion or contention. Indeed, the advisory committee's note to the 1970 amendment to Rule 33 observes that requests for opinions or contentions "can be most useful in narrowing or sharpening the issues, which is a major purpose of discovery." The rule merely provides the *court* the option to delay an answer to an interrogatory until a designated time. There has been no court order permitting the Sureties to delay any response to the aforementioned interrogatories, nor have the Sureties moved for such an order. The Sureties must answer the interrogatories to the fullest extent possible at this time. Rule 33(b)(1) requires that each interrogatory be answered separately and fully. The Sureties' duty, as the responding party, is to "provide true, explicit, responsive, complete and candid answers to the interrogatories." *See Alexander v. FBI, 192 F.R.D. 50, 53 (D.D.C. 2000), citing Chubb Integrated Systems Ltd. v. Nat'l Bank of Washington*, 103 F.R.D. 52, 61 (D.D.C. 1984).

In this case, the Sureties have used Rule 33(c) to defend their refusal to provide any facts to support the contentions made in this case. That is not the practice contemplated by the Federal Rules or advocated by the case of *Jayne H. Lee, Inc. v. Flagstaff Ind. Corp.*, 173 F.R.D. 651 (D. Md. 1997). The *Lee* case cited Rule 33(c) in a footnote to the following statement, "Properly drafted 'contention interrogatories,' for example, can help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Id.* at 652. The *Lee* case was not about contention interrogatories; rather, it was about an attorney's refusal to respond to the opposing party's discovery requests because of his dissatisfaction with opposing party's responses to his discovery. Essentially the attorney was holding the discovery responses "hostage until he obtained discovery responses which met his satisfaction." *Id.* at 656. The *Lee* case did not address the issue of whether a party can refuse to respond to contention interrogatories; in fact, the spirit of the Lee case was to promote interrogatories as an effective and often overlooked form of discovery.[1]

Moreover, the objection regarding "contention interrogatories" cannot be applicable to Interrogatory Nos. 10 through 15 because those interrogatories do not seek contentions; rather they seek the basis for the specific affirmative defenses which the

---

[1] In his decision, Judge Grimm of the United States District Court for the District of Maryland stated, "it is essential that counsel who receive them [interrogatories] act with diligence and good faith, and submit timely, responsive, and complete answers." *Hall*, 173 F.R.D. at 653.

Donna M. Crowe, Esqu.
May 3, 2007
Page 3

Sureties asserted in their Answer. If the Sureties do not have any basis in fact or law to support the defenses, then they should not have been raised and must be withdrawn. If the Sureties have a factual and/or legal basis for asserting the defenses, then that basis must be set forth in response to the Interrogatories. The Sureties cannot rely upon a defense and at the same time refuse to provide the basis for that defense.

In addition to refusing to answer any alleged contention interrogatories, the Sureties objected to *every* interrogatory and document request with boilerplate objections. Federal Rule 33(b)(4) states, "All grounds for an objection to an interrogatory shall be stated with specificity." The Sureties objected to ten (10) out of fifteen (15) interrogatories[2], and seventeen (17) out of twenty (20) document requests[3], because they were allegedly "vague, ambiguous, and overly broad." The Sureties provided no further explanation for these objections. "A party opposing discovery bears the burden of showing why discovery should be denied." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 844 (D.D.C. 1996). In order to satisfy its burden, the objecting party must make a specific, detailed showing of how the interrogatory is burdensome. *See Alexander, 192 F.R.D. at 53, citing Lohrenz v. Donnelly*, 187 F.R.D. 1, 4 (D.D.C. 1999) (compelling the objecting party to fully answer the interrogatory at issue because there was no showing that the research required was unduly burdensome); *Chubb*, 103 F.R.D. at 60-61 ("An objection must show specifically how an interrogatory is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence which reveals the nature of the burden."); *see also Harvey v. Eimco Corp.*, 28 F.R.D. 381 (E.D. Penn. 1961) ("The defendant can not complain merely because in order to answer the plaintiff's interrogatories it must interrogate its personnel or compile information within its control.").

Furthermore, the Sureties improperly objected to eleven (11) out of fifteen (15) interrogatories[4], and eighteen (18) out of twenty (20) document requests[5], because they allegedly sought "information protected by the attorney-client privilege, the joint defense privilege, the work product doctrine, or any other applicable privilege or immunity." The Sureties did not specify which privilege or immunity applied to each discovery request nor did it provide any further explanation. A bald assertion of privilege and work product protection does not suffice under the federal rules. *See Lohrenz*, 187 F.R.D. at 7, citing *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 541-42 (10th Cir. 1984). Rule 26(b)(5) states that "when a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to

---

[2] Interrogatory Nos. 2, 3, 5, 8, 10, 11, 12, 13, 14, and 15
[3] Document Request Nos. 1,2,4,6,7,8,10,11,12,13,14,15,16,17,18,19, and 20.
[4] Interrogatory Nos. 1, 3, 4, 6, 9, 10, 11, 12, 13, 14, and 15.
[5] Document Request Nos. 1,2,3,4,5,8,9,10,11,12,13,14,15,16,17,18,19, and 20.

Donna M. Crowe, Esqui.
May 3, 2007
Page 4

protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents . . . not produced or disclosed in a manner that . . . will enable other parties to assess the applicability of the privilege or protection." In *Lohrenz, supra.,* because the objecting party failed to provide any of the information required by the Federal Rules in connection with its assertion of the attorney-client privilege and work product doctrine, such privileges and protections were deemed waived by the Court. Id., *187 F.R.D. at 6-7.*

The above noted objections were used conjunctively with other, non-specific boilerplate objections and over fourteen (14) General Objections. The United States District Court for the District of Columbia has stated that it will not accept such boilerplate objections. *See Pleasants v. Allbaugh,* 208 F.R.D. 7, 12 (D.C. Cir. 2002). These boilerplate objections serve no purpose except to confuse the reader as to the genuinely objectionable portions of a discovery request. P&K has no idea what portion of the discovery request was responded to, if at all. P&K requires that the Sureties' remove any non-specific, non-detailed objections from their discovery responses and provide full and complete answers. P&K also requires answers to those interrogatories which the Sureties declare are "contention interrogatories." Please consider this P&K's good faith attempt to resolve a discovery dispute. Thank you for your prompt attention to this matter and I look forward to your response.

Very truly yours,

Nichole M. Velasquez

NMV:nv
1732174



Bradley Arant
BRADLEY ARANT ROSE & WHITE LLP

1133 CONNECTICUT AVENUE, N.W., 12TH FLOOR
WASHINGTON, DC 20036
202.393.7150   FAX 202.347.1684
WWW.BRADLEYARANT.COM

Thomas R. Lynch

Direct Dial: 202-719-8228
Direct Fax: 202-719-8316
tlynch@bradleyarant.com

May 28, 2007

## VIA ELECTRONIC & U.S. MAIL

Nichole M. Velasquez, Esq.
Whiteford Taylor & Preston
Seven Saint Paul Street
Baltimore, Maryland 21202

RE:   *Hunt Construction Group, Inc. v. The Poole and Kent Corporation et al.;*
      Case No. 1:06cv1850
      In the U.S. District Court for the District of Columbia

Dear Ms. Velasquez:

This letter is in response to your letter dated May 3, 2007, regarding The Poole and Kent Corporation's ("P&K") Interrogatories and Document Requests (the "discovery requests") to Federal Insurance Company and United States Fidelity and Guaranty Company ("Sureties"). Due to the similarity of the responses asserted by the Sureties, this letter will refer to the Sureties' responses together. As explained below, the Sureties' responses to the discovery requests satisfy the Sureties' obligations under the Federal Rules of Civil Procedure.

First, the Sureties' responses to 18 out of 20 of P&K's Document Requests state that the Sureties will "produce relevant non-privileged documents at a mutually convenient time and place." This is a proper response. We anticipate producing these documents sometime this week. The Sureties have objected to producing documents in response to Request Nos. 3 and 5 because these requests seek information which is not yet discoverable under the Court's February 2, 2007, Scheduling Order. Request No. 3 seeks trial exhibits and Request No. 5 seeks expert information. The Sureties will produce this information at the required time.

In addition, with the exception of Interrogatory Nos. 1 and 4 and P&K's "contention interrogatories" -- which the Sureties properly objected to -- the Sureties have responded to every P&K Interrogatory with "individualized" responses to the extent of their knowledge.[1] The Sureties disagree that they are required to respond to P&K's "contention interrogatories" at this time, if at all.[2] These interrogatories seek either pure legal opinion, which is not discoverable, or answers which require the application of law to fact. The Federal Rules contemplate that parties

---

[1] See interrogatory nos. 3, 5, 6, 7, 8.
[2] The Sureties' deem the following P&K interrogatories to be "contention interrogatories": 2, 9, 10, 11, 12, 13, 14, and 15.

EXHIBIT
7
ALL-STATE LEGAL

Nichole M. Velasquez, Esq.
May 29, 2007
Page 2

should not be required to respond to such interrogatories until late in the discovery process. The Advisory Committee Note to the 1970 amendment of Rule 33(b) states in part:

> Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer. Likewise, the court may delay determination until pretrial conference, if it believes that the dispute is best resolved in the presence of the judge.

Thus, while such interrogatories are not *per se* objectionable merely because they present mixed questions of law and fact, the Sureties may properly object to providing responses at this juncture. Contrary to P&K's contention, no court order is required to "permit" the Sureties to object. *See e.g., McCarthy v. Paine Webber Group, Inc.,* 168 F.R.D. 448 (D.C. Conn.1996) (holding that while a contention interrogatory is not necessarily objectionable merely because the answer involves an opinion or contention that relates to fact or application of law to fact, due to their nature such interrogatories are more appropriate after a substantial amount of discovery has been conducted).

Furthermore, contrary to the assertion in your May 3, 2007 letter, Interrogatories Nos. 10 through 15 are properly classified as "contention interrogatories" in that they ask the Sureties to state "all" the bases for certain legal contentions. The *McCarthy* case states in relevant part:

> The term "contention interrogatories" refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.

*McCarthy,* 168 F.R.D. at 450 (citing *In re Convergent Technologies Securities Lit.,* 108 F.R.D. 328, 332-33 (N.D.Cal.1985)). P&K's interrogatories 10 through 15 do not seek purely factual responses but instead are a premature attempt to "pin-down" the Sureties to certain legal theories before any significant discovery has occurred. The Sureties are not required to respond to such interrogatories at this early stage.

Similarly, Interrogatory No. 1 is also premature in that it seeks the identification of experts and information which would be provided in an expert report. The Sureties are not required to provide this information until the time specified in the Court's February 2, 2007, Scheduling Order. Interrogatory No. 4, meanwhile, is neither relevant to the claims or defenses of any party, nor reasonably calculated to lead to the discovery of admissible evidence.

As discovery advances, the Sureties will supplement their responses to the discovery requests as appropriate under the Federal Rules of Civil Procedure.

Nichole M. Velasquez, Esq.
May 29, 2007
Page 3

If you have any questions, please do not hesitate to call.

Very truly yours,

Thomas R. Lynch

cc:    Donna M. Crowe, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUNT CONSTRUCTION GROUP, INC.          *

      Plaintiff          *

v.          *     Civil Court Action No:          1:06CV1850
                                            Judge James Robertson

THE POOLE AND KENT CORPORATION          *

      Defendant          *

*     *     *     *     *     *     *     *     *     *     *

## <u>ORDER</u>

      Based upon The Poole and Kent Corporation's Motion to Compel and Memorandum in

Support Thereto, and any opposition thereto, it is this _____ day of _____ , 2007,

by the United States District Court for the District of Columbia, hereby

      ORDERED, that the Motion to Compel is GRANTED; and

      FURTHER ORDERED, that that Federal Insurance Company and United States Fidelity

and Guaranty Company are deemed to have waived their objections to the discovery requests;

and

      FURTHER ORDERED, that Federal Insurance Company and United States Fidelity and

Guaranty Company provide full and complete answers to The Poole and Kent Corporation's

Interrogatories and Document Requests within seven (7) days of this Order; and

      FURTHER ORDERED, that Federal Insurance Company and United States Fidelity and

Guaranty Company produce all documents responsive to The Poole and Kent Corporation's

Document Requests, including all third-party performance and payment bond claims.

Date:                            _____

                           Judge, United States District Court for the District
                           of Columbia

c.c.   Robert F. Carney, Esquire
Michael A. Stover, Esquire
Nichole M. Velasquez, Esquire
Whiteford, Taylor & Preston, LLP
7 St. Paul Street
Baltimore, Maryland  21202

David T. Dekker, Esquire
Jeffrey R. Gans, Esquire
Michael S. McNamara, Esquire
Thelen Reid & Priest, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001

Donna M. Crowe
Bradley Arant Rose & White LLP
1133 Connecticut Avenue, N.W., 12th Floor
Washington, D.C.  20036
Phone:  202-719-8212