DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 1

1          IN THE UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF COLUMBIA

3

4   - - - - - - - - - - - - - - - - x

5   HUNT CONSTRUCTION GROUP,            :

6          Plaintiff,            : Civil Court Action

7      vs.                       : No.:  1:06CV1850

8   THE POOLE AND KENT CORPORATION, :

9          Defendant.            :

10  - - - - - - - - - - - - - - - - x

11

12

13         Deposition of LAWRENCE M. HAZEN

14             Washington, D.C.

15         Thursday, November 15, 2007

16                 9:50 a.m.

17

18

19

20  Job No.:  1-115133

21  Pages:  1 - 142

22  Reported by:  Sarah M. Bickel

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 2

1            Deposition of LAWRENCE M. HAZEN, held at

2    the offices of:

3

4            WHITEFORD, TAYLOR & PRESTON LLP

5            1025 Connecticut Avenue, Northwest

6            Suite 400

7            Washington, D.C. 20036

8            (202) 659-6800

9

10

11

12

13

14

15            Pursuant to agreement, before Sarah M.

16    Bickel, Court Reporter and Notary Public in and for

17    the District of Columbia.

18

19

20

21

22

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 3

```
 1              A P P E A R A N C E S

 2      ON BEHALF OF THE PLAINTIFF:

 3             LAURA A. KAMAS, ESQUIRE

 4             Thelen, Reid, Brown, Raysman & Steiner

 5             701 Eighth Street, Northwest, 8th Floor

 6             Washington, D.C. 20001

 7             (202) 508-4000

 8

 9

10

11

12      ON BEHALF OF THE DEFENDANT:

13             ROBERT F. CARNEY, ESQUIRE

14             Whiteford, Taylor & Preston LLP

15             Seven Saint Paul Street

16             Baltimore, Maryland 21202

17             (401) 347-8700

18

19

20

21      ALSO PRESENT:  Thomas MacPhee

22
```

Page 4

1                    C O N T E N T S

2  EXAMINATION OF LAWRENCE M. HAZEN                PAGE

3      By Mr. Carney                                 6

4

5

6                    E X H I B I T S

7               (Retained by Counsel)

8  HAZEN DEPOSITION EXHIBIT                         PAGE

9  No. 1    Daily Reports                           44

10 No. 2    Document                                65

11 No. 3    Document                                65

12 No. 4    Change Order 97                         77

13 No. 5    Change Order 98                         78

14 No. 6    Change Order 105                        79

15 No. 7    Subpoena                               107

16 No. 8    Notes                                  110

17 No. 9    Notes                                  113

18 No. 10   E-mail                                 115

19 No. 11   Document                               118

20 No. 12   Document                               119

21 No. 13   Inventory of Discs                     120

22 No. 14   Transmittal                            121

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 5

1          E X H I B I T S    C O N T I N U E D

2  HAZEN DEPOSITION EXHIBIT                        PAGE

3  No. 15  Document                                122

4  No. 16  Designation of Reply Expert Witness     123

5  No. 17  Response to Expert Report               126

6  No. 18  Document                                128

7  No. 19  Document                                130

8  No. 20  Invoices and Time Sheet                 132

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 6

```
1                    P R O C E E D I N G S

2                    LAWRENCE M. HAZEN

3    having been first duly sworn, testified as follows:

4         EXAMINATION BY COUNSEL FOR DEFENDANT

5             BY MR. CARNEY:

6         Q   Mr. Hazen, I'm Bob Carney.  I'm the

7    counsel for Poole & Kent Corporation in this matter.

8    I just want to go over the ground rules to your

9    deposition.

10            Have you ever been deposed before?

11        A   No.

12        Q   Okay.  A deposition is the proceeding

13   where I ask you questions, you answer my questions,

14   you have to answer verbally so that the court

15   reporter who's sitting here can record your answer.

16   Just stipulations, grunts, nonverbal responses cannot

17   be recorded so please verbalize your responses.

18            If I ask you a question and you don't

19   understand it, please ask me or tell me you don't

20   understand it and I'll try to rephrase it.  If you do

21   answer the question, I'm going to assume that you

22   understood what I've asked.  Is that agreeable?
```

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 62

1      Q   Yeah, I know, I'm going to go complain.

2          MR. CARNEY:  Let's take a five-minute

3  break.

4          (Off the record.)

5          BY MR. CARNEY:

6      Q   In your experience, what is a reasonable

7  time for a general contractor to process a

8  subcontractor's change order requests?

9      A   It depends.

10     Q   On what?

11     A   The contents of the change order request.

12  Is it filled out properly?  There may be reasons for

13  sending it back, information, insufficient backup.

14  There could be a myriad of problems with it.

15     Q   What if there aren't any problems with it,

16  what if it's just a routine change order request and

17  the documentation is correct, what's a reasonable

18  time for a general contractor to act upon it?

19     A   So if everything is absolutely proper,

20  correctness of the contract, sufficient backup,

21  everything, and there's no reason for seeking more

22  information.  If it's specified in the contract, then

DEPOSITION OF LAWRENCE M. HAZEN
CONDUCTED ON THURSDAY, NOVEMBER 15, 2007

Page 63

1  that amount of time would be the appropriate time to

2  return it.  Other than that, just in general, a month

3  or two barring administrative impedances, such as on

4  a public job you could have no funds available for a

5  large change in which case if you have to go to a

6  legislature or something like that, it can drag out

7  for a long time.  So it varies, but if everything's

8  proper, the cash is available, a month or two.

9           Q   In your experience, what level of

10 documentation is necessary to support a change order?

11          A   It depends on the change.

12          Q   Well, a change order request that is not

13 supported by -- let me rephrase that.

14               What type of documentation -- strike that.

15               If I were to summarize your expert report,

16 would it be fair to say that the three points that

17 you make in your report in several different

18 locations are, first, the damages must be actual and

19 accurate; second, that the damages must be

20 documented; and third, that the documentation

21 supporting the damages must be accurate, otherwise

22 that the claimed damages are without merit?