THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HUNT CONSTRUCTION GROUP, INC. | * | |
|     Plaintiff/Counter Defendant | * | |
| v. | * | Civil Court Action No:    1:06CV1850 |
| | | Judge James Robertson |
| THE POOLE AND KENT CORPORATION | * | |
|     Defendant/Counter Plaintiff/<br>    Third Party Plaintiff | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**THE POOLE AND KENT CORPORATION'S RESPONSE TO NOTICE OF
SUPPLEMENTAL AUTHORITY SUBMITTED BY HUNT CONSTRUCTION GROUP**

Defendant/Counter Plaintiff The Poole and Kent Corporation ("Poole and Kent"), by its undersigned counsel, submits its Response to the Notice of Supplemental Authority (the "Notice") submitted in this case by Hunt Construction Group ("Hunt") as follows:

The supplemental authority submitted by Hunt is not on point because it addresses a different type of contract than the subcontract between Hunt and Poole and Kent (the "Subcontract")[1] and the waiver at issue in that case had different language more favorable to Hunt. Accordingly, the supplemental authority should be given little or no weight by this Court.

Hunt's supplemental authority is an unpublished trial court decision in *Harper Mechanical LLC v. Hunt Construction Group, Inc., et al.*, Case No. 04-CA-0006800-O (Cir. Ct. Orange Co. Feb. 18, 2008).[2] Unlike the instant case, the waiver at issue in that case was not

---

[1] A copy of the Subcontract is found at Exhibit 2 of the Poole and Kent's Opposition to Hunt's Motion for Summary Judgment.

[2] The cited case has not been published in any reporter, or posted in Westlaw or Lexis. According to the docket report at the Orange County Clerk of Courts website, http://www.myorangeclerk.com/myclerk, Harper has appealed the decision.

incorporated into the original contract. The court therefore construed it as a standalone document rather than in accordance with other contract documents. Here, in contrast, Poole and Kent negotiated changes to Hunt's form waiver and those changes were noted in Attachment VI to the Subcontract. The form waiver was thereby incorporated into the Subcontract by reference, and cannot be construed without review of the Subcontract as a whole. *See Clyburn v. 1411 K Street Ltd. Partnership*, 628 A.2d 1015, 1018 (D.C. 1993); *Carson/DePaul/Ramos v. Driscoll/Hunt*, 2006 WL 2009054 (Pa. Ct. Com. Pl. June 29, 2006).

Moreover, the changes negotiated by Poole and Kent – carving out "unpaid extras or change orders, or claims submitted in accordance with the Contract Documents" from the claims waived in the Hunt form waiver – were not present in the waiver at issue in the *Harper* case. That waiver appears simply to have been the form language drafted by Hunt. The *Harper* case is accordingly of little aid in construing the instant waiver.

WHEREFORE, for the reasons set forth herein, and the reasons cited in The Poole and Kent Corporation's Opposition to Motion for Summary Judgment, Hunt has failed to show that it is entitled to judgment as a matter of law. The Poole and Kent Corporation respectfully requests that the Motion for Summary Judgment be denied.

Respectfully submitted,

/s/Robert F. Carney
Robert F. Carney (Bar No. 436999)
Michael A. Stover (Pro Hac Vice)
William P. Pearce (Pro Hac Vice)
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street, Suite 1500
Baltimore, Maryland 21202
(410) 347-8700
Attorneys for The Poole and Kent Corporation

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of March, 2008, a copy of the foregoing Motion was served electronically to the following counsel of record:

>David T. Dekker, Esquire
>Jeffrey R. Gans, Esquire
>Laura Kamas, Esquire
>Thelen Reid Brown Raysmann Steiner, LLP
>701 Eighth Street, N.W.
>Washington, D.C. 20001
>
>Donna M. Crowe
>Bradley Arant Rose & White LLP
>1133 Connecticut Avenue, N.W., 12th Floor
>Washington, D.C. 20036

/s/Robert F. Carney

1785257