UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE POOLE AND KENT CORPORATION<br><br>Defendant. | Civil Action No.: 1:06cv1850<br>Judge: James Robertson |

**HUNT CONSTRUCTION GROUP, INC.'S**
<u>**MOTION IN LIMINE TO LIMIT AND EXCLUDE EXPERT TESTIMONY**</u>

Plaintiff Hunt Construction Group, Inc. ("Hunt"), by counsel, respectfully moves the Court to enter an order limiting the expert testimony of The Poole and Kent Corporation's expert, Thomas MacPhee, to opinions rendered in his expert reports and excluding Mr. MacPhee's opinions at trial regarding labor productivity and extended overhead damages resulting from work performed after August 9, 2005. Hunt incorporates as if fully set forth herein the attached memorandum in support of its motion, which sets forth in greater detail the bases for Hunt's position.

Dated: May, 5, 2008

Respectfully submitted,

/s/ Laura A. Kamas
David T. Dekker (#358173)
Jeffrey R. Gans (#452332)
Laura A. Kamas (#499837)
THELEN REID BROWN RAYSMAN & STEINER, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001
Telephone:   (202) 508-4000

                            Facsimile:   (202) 508-4321

OF COUNSEL:
José M. Pienknagura, Esq.
Hunt Construction Group, Inc.
6720 N. Scottsdale Road
Suite 300
Scottsdale, Arizona 85008
Telephone: (480) 368-4740
Facsimile: (480) 368-4745
*Counsel for Hunt Construction Group, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of May, 2008, a copy of the forgoing was served electronically via the CM-ECF System and via first-class mail to:

Robert F. Carney
William P. Pearce
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8700

Of Counsel:
Michael A. Stover
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8700

*Counsel for The Poole and Kent Corporation*

/s/ Laura A. Kamas
Laura A. Kamas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE POOLE AND KENT CORPORATION<br><br>Defendant. | Civil Action No.: 1:06cv1850<br>Judge: James Robertson |

## ORDER

This matter comes before the Court on Plaintiff Hunt Construction Group, Inc.'s ("Hunt") motion in limine to limit and exclude certain expert testimony of The Poole and Kent Corporation's expert witness, Thomas MacPhee, and, upon consideration of all materials filed in support thereof, the Court having found that good cause exists, it is hereby,

ORDERED, that Hunt's motion is GRANTED; and it is further

ORDERED, that Mr. MacPhee is barred from rendering an opinion as to labor productivity and extended overhead damages resulting from work performed after August 9, 2005.

Dated: _____ 2008

_____
Hon. James Robertson
United States District Court Judge

DC #430853 v1

Copies to:

Robert F. Carney
Michael A. Stover
William P. Pearce
Whiteford, Taylor & Preston, LLP
Seven Saint Paul Street
Baltimore, MD 21202-1636

David T. Dekker
Jeffrey R. Gans
Laura A. Kamas
Thelen Reid Brown Raysman & Steiner, LLP
701 Eighth Street, N.W.
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUNT CONSTRUCTION GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE POOLE AND KENT CORPORATION ) <br> ) <br> Defendant. ) | Civil Action No.: 1:06cv1850 <br> Judge: James Robertson |

**MEMORANDUM IN SUPPORT OF HUNT CONSTRUCTION GROUP, INC.'S
MOTION IN LIMINE TO LIMIT AND EXCLUDE EXPERT TESTIMONY**

Plaintiff Hunt Construction Group, Inc. ("Hunt"), through counsel, respectfully submits this memorandum in support of its motion in limine to limit and exclude certain expert testimony of The Poole and Kent Corporation's ("P&K") expert, Thomas MacPhee.

I.  **Introduction and Summary of Argument**

In its April 25, 2008 Order, the Court granted that part of Hunt's motion for summary judgment seeking to bar P&K's claims for labor productivity and extended overhead damages resulting from work performed prior to August 9, 2005. (*See* Document 47). In support of its claims for labor productivity and extended overhead damages, P&K has named Thomas MacPhee as its expert. (*See, e.g.,* Document 46). Through his expert reports, Mr. MacPhee rendered opinions as to the total damages incurred by P&K for labor productivity and extended overhead, but he made no attempt to allocate those damages incurred after August 9, 2005. As such, Mr. MacPhee should be barred from making that allocation for the first time at trial.

II.  **Legal Standard**

Federal Rule of Civil Procedure 26 requires that parties disclose the identity of any expert witness who may be used at trial. Fed. R. Civ. P. 26(a)(2)(A). That disclosure must also be accompanied by a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2)(B). The expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as "the data or other information considered by the witness in forming them ... ." *Id.* Where, as here, the court establishes a schedule for such disclosures, parties must disclose their expert reports "at the times and in the sequences that the court orders." Fed. R. Civ. P. 26(a)(2)(C).

Rule 26 also imposes a duty to supplement expert reports. Rule 26(a)(2)(D) states that "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(D). Rule 26(e) provides:

> A party who has made a disclosure under Rule 26(a) ... must supplement or correct its disclosure or response ... in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ... . For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. **Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.**

Fed. R. Civ. P. 26(e)(1)-(2) (emphasis added). P&K's pretrial disclosures were due on April 18, 2008.

Failure to properly disclose or supplement information in accordance with Rule 26 can bar a party's introduction of information or witnesses and can result in sanctions pursuant to Federal Rule of Civil Procedure 37(c)(1). *See* Fed. R. Civ. P. 37(c). Rule 37(c) provides in part:

2

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c).

### III. Analysis

Given the Court's April 25, 2008 Order barring P&K's claims for labor productivity and extended overhead damages resulting from work performed prior to August 9, 2005, it is expected that Mr. MacPhee will attempt to offer an opinion regarding the amount of such damages allegedly incurred *after* that date. An expert's trial testimony is limited to the opinions expressed in his Rule 26(a)(2) disclosure. *See Irving v. Freightliner, LLC*, 202 Fed. Appx. 756, 759 (5th Cir. 2006) (upholding district court's limitation of expert testimony to the opinions and theories expressed in the expert's report); *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996) (defendant "cannot legitimately argue that [the expert] should have been allowed to testify about matters not previously disclosed to the Plaintiffs"); *LaMarca v. United States*, 31 F. Supp. 2d 110, 122-23 (E.D.N.Y. 1998) (striking the portions of expert's testimony concerning opinions not expressed in report and explaining that this result is "self executing" and an "automatic sanction"). Here, Mr. MacPhee's expert reports provided no apportionment of P&K's alleged labor productivity and extended overhead damages incurred from work performed after August 9, 2005. In fact, to date, no such apportionment has been provided to Hunt. Hunt has, therefore, been denied the opportunity to depose Mr. MacPhee regarding his opinions on this allocation of damages and to task its own expert with opposing Mr. MacPhee's allocation.

While Mr. MacPhee may testify as to the information included in his expert reports, given the prejudice that would result from Hunt being forced to confront Mr. MacPhee's allocation of labor productivity and extended overhead damages for the first time at trial, and given this Court's broad discretion to exclude untimely or inadequately disclosed expert testimony, Mr. MacPhee should be precluded from rendering opinions on damages incurred after August 9, 2005. *See, e.g., Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998) (limiting expert's trial testimony to opinions expressed in initial disclosure); *Stein v. Foamex Int'l, Inc.*, No. CIV.A.00-2356, 2001 WL 936566, at *7, (E.D. Pa. Aug. 15, 2001) (precluding newly disclosed opinion because it is out of time "is the most appropriate remedy" where "ruling will not prevent all of [plaintiff's] claims from being heard by a jury"); *McRae v. Publ'ns Int'l*, 985 F. Supp. 1036, 1041 (D. Kan. 1997) (precluding expert from testifying to opinions expressed for the first time in untimely supplemental report but permitting expert to testify regarding opinions in initial report).

## IV.  Conclusion

For the reasons stated above, Hunt respectfully requests that the Court enter an order limiting the testimony of Thomas MacPhee to opinions provided in his expert reports and excluding Mr. MacPhee's opinions at trial regarding labor productivity and extended overhead damages resulting from work performed after August 9, 2005.

Dated: May, 5, 2008                    Respectfully submitted,

/s/ Laura A. Kamas
David T. Dekker (#358173)
Jeffrey R. Gans (#452332)
Laura A. Kamas (#499837)
THELEN REID BROWN RAYSMAN & STEINER, LLP
701 Eighth Street, N.W.

                      Washington, D.C. 20001
                      Telephone:   (202) 508-4000
                      Facsimile:    (202) 508-4321

OF COUNSEL:
José M. Pienknagura, Esq.
Hunt Construction Group, Inc.
6720 N. Scottsdale Road
Suite 300
Scottsdale, Arizona 85008
Telephone: (480) 368-4740
Facsimile: (480) 368-4745
*Counsel for Hunt Construction Group, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of May, 2008, a copy of the forgoing was served electronically via the CM-ECF System and via first-class mail to:

Robert F. Carney
William P. Pearce
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8700

Of Counsel:
Michael A. Stover
Whiteford, Taylor & Preston, L.L.P.
Seven Saint Paul Street
Baltimore, Maryland 21202-1626
Telephone: (410) 347-8700

*Counsel for The Poole and Kent Corporation*

                                                         /s/ Laura A. Kamas
                                                         Laura A. Kamas

DC #430852 v1